UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE ADOMA,

        NO. CIV. S-10-0059 LKK/GGH

    Plaintiff,

  v.

        O R D E R

THE UNIVERSITY OF PHOENIX,
INC., et al.,

    Defendants.
                            /

    Plaintiffs Diane Adoma and Michelle Abbaszadeh bring wage-and-hour claims against their former employer, the University of Phoenix, Inc. and its parent corporation, the Apollo Group, Inc. These claims are brought under the federal Fair Labor Standards Act ("FLSA") and the California Labor Code. Pending before the court are two motions: (1) a motion to certify a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), with regard to plaintiffs' FLSA claims, and (2) a motion to certify three classes under Fed. R. Civ. P. 23(b)(1) or (b)(3) with regard to plaintiffs'

1

state law claims.[1]  Plaintiffs separately bring a California private attorney general act claim and various retaliation claims not at issue in the present motions.

For the reasons explained below, the court declines to exercise jurisdiction over the FLSA claims under the first-to-file rule.  These claims are instead transferred to the Eastern District of Pennsylvania.  Plaintiffs are then ordered to show cause as to why this court retains subject matter jurisdiction over the state law claims.

## I. Background

The University of Phoenix ("UOP") is a private, for-profit educational institution that offers classes at 362 independent campuses throughout the United States and through online programs. The Apollo Group, Inc. is the parent company of UOP and handled all of the administrative functions relating to payroll.

Plaintiffs Adoma and Abbaszadeh worked as Enrollment Counselors for one or both defendants.  Plaintiffs allege that defendants maintained two computer systems regarding Enrollment Counselors' work: one which tracked the Counselors' availability for taking calls and another that was used to track overtime hours worked.  Plaintiffs' primary claim is that the former system may be used to demonstrate that Enrollment Counselors worked overtime

---

[1] Plaintiffs also filed a motion for leave to file an amended complaint, noticed to be hard in conjunction with the above. (Dkt. No. 33).  Defendants filed a statement of non-opposition to this motion.  (Dkt. No. 57).  Accordingly, this motion is granted, and plaintiffs' First Amended Complaint (Dkt. No. 33-1) is the operative complaint for purposes of the pending motions.

not recorded by the latter system; this is therefore a claim for "off-the-clock" unpaid overtime. This claim is brought under both the FLSA and the California labor code.

Plaintiffs' second theory of liability argues, under both the FLSA and California law, that defendants paid the wrong hourly rate for overtime.[2] Enrollment Counselors were offered tuition waivers for University of Phoenix coursework. Plaintiffs argue that because the "time and a half" pay they received for overtime was calculated without including the value of this benefit, they received inadequate compensation for overtime.

Plaintiffs' remaining theories arise under California law but not the FLSA. Plaintiffs argue that defendants caused employees to miss meal periods. Plaintiffs also bring state law claims for waiting time penalties and for inaccurate pay stubs.

Defendants previously moved to dismiss the FLSA claims proceeding before this court in light of the "first-to-file" rule and <u>Sabol v. The University of Phoenix</u>, No. CV 09-03439-JCJ (E.D. Pa.). The court denied that motion by order filed May 3, 2010. Since that order was filed, there have been further proceedings in <u>Sabol</u>. In <u>Sabol</u>, plaintiffs Erik M. Sabol and Rebecca Odom contend UOP's counselors routinely worked overtime hours without compensation, at the direction of the supervisors. <u>Sabol</u> was also filed as a purported FLSA collective action. On May 12, 2010, the

---

[2] Defendants argue that the FAC pleads this theory under California law, but not the FLSA. For purposes of this motion, the court assumes that the FAC is sufficient to put defendants on notice that this claim is asserted under the FLSA as well.

3

Eastern District of Pennsylvania certified a nationwide FLSA action in Sabol. 2010 U.S. Dist. LEXIS 47145. In finding that collective certification was appropriate, the Sabol court relied on the uniformity of Enrollment Counselors' duties and allegations of a pervasive policy of requiring employees to work unpaid overtime, for example, by requiring employees to attend "lunch and learn" sessions or to work on Saturdays without counting that time as hours worked. Id. at *14-15. The Sabol court also relied on the Avaya phone records as indicia of hours worked. Id. at *15.

## II. Discussion

**A.   FLSA Claims**

The court declines to exercise jurisdiction over plaintiffs' FLSA claims under the first-to-file rule. This rule is a doctrine of federal comity that permits a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625-26 (9th Cir. 1991). The court previously held that these three factors were satisfied in this case. Order filed May 3, 2010, at 7-13. The court nonetheless declined to apply the first-to-file rule. At the time of this court's prior order, no collective action had been certified in Sabol, and it was unclear whether such

an action, if certified, would extend to California plaintiffs. Id. at 15. Meanwhile, the statute of limitations was running for California plaintiffs. Id. at 15-16. For these and other reasons, the court held that an exception to the first-to-file rule was appropriate.

A nationwide collective action has since been certified in Sabol and this court now has a fuller picture of the scope of the two suits. The Sabol plaintiffs have indicated an intent to proceed with the "dual bookkeeping" theory advanced here.[3] The Sabol collective action encompasses all plaintiffs potentially having claims under either the "off the clock" or "educational benefit" theories of FLSA liability presented here. The Court certified a collective action for:

> All persons during the applicable statutorily defined period who:
>
> (i) are/were current or former . . . enrollment counselors employed by Defendants;
>
> (ii) are/were not paid for all hours worked in a given workweek;
>
> (iii) are/were not paid overtime compensation at a rate not less than one and one-half (1.5) times the rate at which they are employed for work performed beyond the forty (40) hours work week; and
>
> (iv) choose to opt-in to this action.

---

[3] "Mr. Sabol also testified that he knew that enrollment counselors at other campuses were also working overtime hours from the time and phone logs that were accessible to everyone. Those logs would reflect when those counselors came in to work and when they left and would show people logged in as early as 8 a.m. until as late as 9 or 9:30 p.m." Sabol v. Apollo Group, Inc., 2010 U.S. Dist. LEXIS 47145, *16 (E.D. Pa. May 12, 2010)

1  Sabol, 2010 U.S. Dist. LEXIS 47145 at *5.  The "educational
2  benefit" claim is a claim that defendants failed to calculate the
3  "regular rate" for purposes of compensation; thus, employees who
4  may bring this claim fall into part (iii) of the Sabol collective
5  definition.  Although plaintiffs in this suit contend that the
6  Sabol collective definition is vague, the court does not find that
7  this is a reason warranting an exception to the first-to-file rule.
8      Thus, the reasons underlying the court's previous decision are
9  no longer compelling. Plaintiffs add a new argument, claiming that
10 because of stipulations entered by the party in this case,
11 potential California collective action members are entitled to 11
12 weeks of tolling of the statute of limitations.  Plaintiffs are
13 correct, but it is not clear how tolling as to these plaintiffs
14 could not be granted in the Sabol action.  Insofar as plaintiffs
15 in that suit will require individualized damages calculations,
16 including the eleven weeks of tolling in the damages calculations
17 for California plaintiffs presents no significant additional
18 barrier.  The Sabol collective notice has not yet been sent, and
19 it appears that sending a notice containing different dates to
20 California employees would not be difficult.
21     Accordingly, the court declines to exercise jurisdiction over
22 plaintiffs' FLSA claims.  Absent jurisdiction, the court does not
23 reach the question of whether collective certification would
24 otherwise be appropriate on these claims.
25 **B.   State Law Claims**
26     The FAC asserts only supplemental jurisdiction as a basis for

jurisdiction over the state law claims.  FAC ¶ 2.  Because the court declines to exercise jurisdiction over plaintiffs' federal claims and this case remains in the early stages of litigation, supplemental jurisdiction is not a sufficient basis to retain the state law claims.  Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

In briefing the present motions, plaintiffs assert that the Class Action Fairness Act, 28 U.S.C. § 1332(d), provides an alternative basis for jurisdiction.  Plaintiffs have not offered any showing that the amount in controversy exceeds $5,000,000, the amount necessary for jurisdiction under that act.  28 U.S.C. § 1332(d)(2).  Plaintiffs have also failed to allege that the minimal diversity required by § 1332(d) exists, as explained in the following paragraph.

Nor is it clear that the ordinary principles of diversity jurisdiction under 28 U.S.C. § 1332(a) provide a basis for jurisdiction over this purported class action.  Plaintiffs do not allege the citizenship of the named plaintiffs, and while the complaint alleges that defendants are corporations chartered under Arizona law, the complaint does not identify these corporations' principal places of business.  28 U.S.C. § 1332(c)(1) (corporation is a citizen of both the state of its incorporation and the state in which its principal place of business lies).  Finally, insofar as the purported class includes persons both presently and formerly employed in the state of California, the citizenship of the potential class members is unclear.

7

1  The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). Accordingly, plaintiffs are ordered to show cause as to why this court retains subject matter jurisdiction over plaintiffs' state law claims.

### III. Conclusion

For the reasons stated above, the court ORDERS as follows:

1. Plaintiffs' motion to file an amended complaint (Dkt. No. 33) is GRANTED. The First Amended Complaint (Dkt. No. 33-1) is the operative complaint;

2. Plaintiffs' motion for collective certification (Dkt. No. 20) is DENIED. Plaintiffs' FLSA claims are TRANSFERRED to the U.S. District Court, Eastern District of Pennsylvania, in light of Sabol et al. v. The University of Phoenix, Inc. et al., Civil Action No. CV 09-03439-JCJ and the first-to-file rule;

3. Plaintiffs are ORDERED TO SHOW CAUSE as to why subject matter jurisdiction exists over the remaining claims in this suit, all of which arise under state law. Plaintiffs SHALL respond within seven (7) days of the date this order is filed. Defendants MAY file a response no later than seven (7) days thereafter.

IT IS SO ORDERED.

DATED: August 13, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8