UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE ADOMA,

        Plaintiff,

    v.

THE UNIVERSITY OF PHOENIX, INC., et al.,

        Defendants.
_____/

NO. CIV. S-10-0059 LKK/GGH

O R D E R

This is a class-action wage and hour case filed by Enrollment Counselors against their employer, defendant University of Phoenix, Inc., a wholly owned subsidiary of defendant Apollo Group, Inc. This court granted class certification on August 31, 2010. ECF No. 83. Defendants have filed a petition for permission to appeal the class certification with the Ninth Circuit, and filed a motion to stay with this court on September 28, 2010. That motion is scheduled for hearing on November 8, 2010. ECF No. 97. Plaintiffs now move for approval of Class Notice. For the reasons stated below, plaintiffs' motion, ECF No. 90, is granted in part

1

and denied in part.

## I. Background

In January 2010, plaintiff Diane Adoma filed a complaint on behalf of herself and similarly-situated enrollment counselors working for The University of Phoenix. The University of Phoenix is a private, for-profit educational institution and wholly owned subsidiary of Apollo Group, Inc. The complaint alleged violations of state and federal labor laws, including that the defendant failed to pay employees proper overtime compensation, failed to allow employees to take breaks, paid employees with out-of-state checks, failed to furnish employees with itemized wage statements, and retaliated against plaintiff for complaining of these alleged violations. Plaintiff's original claims were made under both the California Labor Code and the federal Fair Labor Standards Act ("FLSA").

On August 13, 2010, this court declined to exercise jurisdiction over plaintiff's FLSA claims under the first-to-file rule, and transferred the FLSA claims to the Eastern District of Pennsylvania where a complaint involving the same plaintiffs and issues had already been filed (Sabol v. The University of Phoenix, No. CV 09-03439-JCJ (E.D. Pa.)), and where a nationwide collective action was certified. Order, August 13, 2010, ECF No. 70. After supplemental briefing from the parties on the issue of the court's jurisdiction over the state law claims, this court concluded that the amount in controversy exceeded the jurisdictional amount required under the Class Action Fairness Act, 28 U.S.C. § 1332(d),

1  and that the named plaintiffs are citizens of California whereas
2  the defendants are citizens of Arizona. The court concluded,
3  therefore that jurisdiction over the class claims under state law
4  was proper under 28 § 1332(d), and that supplemental jurisdiction
5  over individual claims was proper under 28 U.S.C. § 1367. Order,
6  August 31, 2010, ECF No. 83.
7     Plaintiffs' state-law claims are that they worked unpaid "off-
8  the-clock" overtime, that the defendant paid the wrong hourly rate
9  for overtime, that defendants caused employees to miss meal
10 periods, that defendants provided inaccurate pay stubs, and that
11 plaintiffs are entitled to waiting-time penalties.
12    In the August 31, 2010 order, this court granted class
13 certification under Fed. R. Civ. P. 23(b)(3), holding that
14 questions of law or fact common to the class predominated over
15 questions affecting individual members, and further that class was
16 the superior method for treatment of plaintiffs' state law claims.
17 Defendants filed a Petition for Permission to Appeal class
18 certification with the Ninth Circuit on September 14, 2010. Also
19 on September 14, 2010, plaintiffs filed a motion for approval of
20 Class Notice, ECF No. 90, which is the subject of the instant
21 order.
22    Defendants have also filed a motion to stay proceedings in
23 this court until the Ninth Circuit's disposition of the Petition
24 for Permission to Appeal, or alternatively, throughout the entire
25 appeal process. Def.'s Mot. for a Stay, September 28, 2010, ECF No.
26 97. Hearing on defendant's motion to stay is scheduled for November

8, 2010.

## II. Analysis

Plaintiffs assert that their proposed class notice should be approved because it meets the Fed. R. Civ. P. 23(c)(2)(B) requirements that apply to class actions certified under Rule 23(b)(3). Defendants argue primarily that approval of class notice would be premature, given defendant's pending motion for a stay of proceedings and petition for permission to appeal to the Ninth Circuit. Additionally, defendants argue that the proposed notice is defective because it doesn't comply with Fed. R. Civ. P. 23(c)(2)(B).

**A. Adequacy of Plaintiff's Proposed Class Notice under Rule 23(c)(2)(B).**

Fed. R. Civ. P. 23(c)(2)(B) governs class notice for classes certified under Rule 23(b)(3), and is applicable here.

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances. . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). In order to help courts comply with the requirements of Rule 23(c)(2)(B), the Rules Advisory Committee notes that the "Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for

4

1  actions similar to those described in the forms." Fed. R. Civ. P.
2  23(c) advisory committee's note. A proposed class notice may be
3  rejected as far "too lengthy and detailed." <u>In re Cypress</u>
4  <u>Semiconductor Securities Litigation</u>, 1995 WL 241434 (N.D. Cal.
5  1995). In addition to the Rule 23(c) requirements, class notice
6  must be neutral and must avoid endorsing the merits of the claim.
7  <u>See, e.g.</u> <u>Hoffman La-Roche v. Sperling</u>, 493 U.S. 165, 173 (1989)
8  ("In exercising the discretionary authority to oversee the notice-
9  giving process, courts must be scrupulous to respect judicial
10 neutrality.").
11      Plaintiff's proposed class notice is a seventeen-page document
12 adapted from the "Employment discrimination class action
13 certification" example provided on the Federal Judicial Center's
14 website. The proposed notice contains all of the required elements
15 of Rule 23(c)(2)(B). Defendants argue that plaintiffs' proposed
16 notice is not clear or concise, and that it is not neutral.
17 Defendants do not point to particular components of plaintiffs'
18 proposed notice that are unclear, but do give specific examples of
19 language that they believe to be misleading, adversarial and
20 argumentative. This court agrees that some changes to plaintiff's
21 proposed class notice are necessary to meet the clear, concise, and
22 neutral standards required by law. The court's approved class
23 notice is attached to this order.
24 ////
25 ////
26 ////

5

### i. The description of plaintiffs' planned method of proof of overtime claims is not warranted in the class notice.

Defendants argue that including passages describing how plaintiffs will prove their claim is prejudicial. See Plaintiffs' Proposed Notice at 6-7. Although the existence of common methods of proof of plaintiffs claims is relevant to the court's finding that class certification was proper, the court finds that inclusion of the description of plaintiffs' anticipated proof may be confusing or misleading, and is unnecessary for the purpose of class notice.

### ii. Plaintiffs' description of defendants' defenses requires clarification.

Defendants argue that unequal treatment is given to defenses and that the defenses are misrepresented. Defendant does not propose any alternative language that is more thorough and accurate. In the interest of clarity, Section 7 of plaintiffs' proposed notice, describing defendants' answer, shall be modified to read as follows: "The University of Phoenix denies any wrongdoing and says that all wages were properly paid in compliance with the law."

### iii. Plaintiffs' description of the court's findings with respect to class certification require modification.

Defendants argue that Section 5 of the plaintiffs' proposed class notice misrepresents the court's findings with respect to class certification. Because the court based certification of common *questions* of law and fact, the word "facts" shall be changed

6

1  to "factual issues" throughout Section 5.

2  **iv. Plaintiffs' hypothetical overtime wage calculation is**
3  **does not add clarity to the proposed notice.**

4  In Section 6 of plaintiffs' proposed class notice, plaintiffs
5  have included a hypothetical example to illustrate the effect of
6  defendants' exclusion of tuition benefits in overtime calculations.
7  The court finds that the hypothetical does not add clarity to the
8  notice, and that it shall be removed from the notice.

9  **v. Plaintiffs have included in their notice an additional**
10  **class that the court did not certify.**

11  The class labeled "c." in Section 11 of plaintiffs' proposed
12  notice is not a class that was certified by the court. The
13  description of that class is therefore to be removed from the class
14  notice.

15  **vi. Inclusion of a website in the class notice is approved by**
16  **the Federal Judicial Council, and is proper.**

17  Plaintiffs have included in their proposed order a referral
18  to a website where class members can obtain additional information.
19  A referral to a website is included in the Federal Judicial
20  Council's model class notice, and is not improper.

21  **vii. The proposed notice shall notify class members that if**
22  **they request exclusion from the class action, they "may" have**
23  **to pay their own lawyer should they wish to pursue an action**
24  **against defendant.**

25  Section 17 of plaintiffs' proposed notice states that class
26  members who start their own lawsuit against defendants after

7

1  excluding themselves from the class action will have to hire and
2  pay for their own lawyer. Defendants argue that this language is
3  misleading and coercive because it does not notify class members
4  that they may find a lawyer who will work on a contingent basis.
5  The court agrees with the plaintiffs that contingent fee
6  arrangements may involve payment to the lawyer. However, the nature
7  of contingency fee arrangements is that the attorneys also may not
8  end up collecting a fee. Section 17 shall be modified accordingly.
9      Additionally, Section 20 states that class members will have
10 to pay for a lawyer if they want their own lawyer to participate
11 in the class action. Because of the possibility of contingency fee
12 arrangements, Section 20 shall be modified to indicate that class
13 members "may" have to pay for their own lawyers.
14 **B. Defendants' Motion to Stay**
15     Defendants have filed a petition with the Ninth Circuit,
16 seeking permission to appeal class certification. Such an appeal
17 does not automatically stay proceedings in this court. Fed. R. Civ.
18 P. 23(f). Additionally, "ordinarily, notice to class members should
19 be given promptly after the certification order is issued." Manual
20 for Complex Litigation (Fourth) § 21.311.
21     The defendants have filed a motion to stay proceedings in this
22 court pending their appeal with the Ninth Circuit. That motion is
23 not before the court today, but is scheduled to be heard on
24 November 8, 2010. Defendants argue that approval of class notice
25 would be premature, given the pending motion for a stay, and that
26 this court should deny plaintiffs' motion for approval of class

8

notice on that basis. Def.s' Opp'n to Mot. 2-4, ECF No. 98. Defendants argue that it is in the interest of judicial economy to defer the decision on class notice until resolution of the appeal of certification, citing the cost of class notice, and the potentially prejudicial effect of notifying the class before the Ninth Circuit has ruled on class certification.

The court does not agree that such a delay in class notice is in the interest of judicial economy. The defendants have not demonstrated that they will suffer any irreparable harm if class notice is disseminated. The court today is not ruling on defendant's motion to stay. Rather, the court is deciding whether or not the proposed class notice complies with Rule 23. Defendants have not disputed the plaintiffs' proposed method or deadlines for dissemination of class notice, and the court finds the proposed method and deadlines to be reasonable. Therefore, the court ORDERS parties to proceed with preparing and disseminating class notice, using the approved class notice attached to this order. The court additionally GRANTS approval of plaintiffs' proposed deadlines, and method for dissemination.

### III. Conclusion

For the foregoing reasons, the court ORDERS as follows:

[1] Plaintiffs' Motion for Approval of Class Notice, ECF No. 90, is GRANTED in part and DENIED in part.

[2] Parties are ORDERED to proceed with preparing the approved class Notice and Request for Exclusion attached to this order for publication and mailing.

[3] CPT Group, Inc. Is designated as the Claims Administrator.

[4] Within seven (7) days from the entry of this Order, the Defendants will provide to the claims administrator the names and last known addresses for all Enrollment Counselors who worked at least one week in the State of California for either The University of Phoenix, Inc. Or Apollo Group, Inc. at any time between April 5, 2005 and August 13, 2010. The term "Enrollment Counselors" includes employees with the job title of "enrollment counselor" as well as any other nonexempt employee who utilized the Avaya phone system's Automatic Call Distribution system to receive calls relating to enrollment.

[5] Within fourteen (14) days from the entry of this Order, the Claims Administrator shall mail by first class mail a copy of the Notice and Request for Exclusion to each class member. The dates on which this mailing is performed will be the Date of First Mailing.

[6] The Claims Administrator will collect all mail which is returned as undeliverable within thirty (30) days of the Date of First Mailing and shall use a standard method to determine whether a current address for the Class Member is available. For those Class Members for which a different address is obtained by

10

1      the Class Administrator, a second copy of the Notice
2      and Request for Exclusion shall be mailed by first
3      class mail. This mailing shall be done after thirty
4      (30) days from the Date of First Mailing, but prior to
5      or on thirty-seven (37) days from the Date of First
6      Mailing. The date of this mailing shall be the Date of
7      Second Mailing.
8      [7] Any Class Member who submits a request for
9      Exclusion that is postmarked or actually received
10     forty-five (45) days from the Date of First Mailing
11     shall be excluded from the Class. All other Class
12     Members, except those who receive a Second Mailing,
13     will then be part of the Class.
14     [8] Any Class Member who is sent the Second Mailing
15     and who submits a Request for Exclusion that is
16     postmarked or actually received forty-five (45 days
17     from the Date of Second Mailing shall be excluded from
18     the Class. Any Class Member who fails to return the
19     Request for Exclusion within the required time period
20     will be part of the Class.
21     [9] Within fourteen (14) days from the last date on
22     which any Class Member can submit a Request for
23     Exclusion, the Class Counsel shall cause a Report to
24     be filed with this Court that: (1) indicates that the
25     Claims Administrator complied with this order, (2)
26     provides a list of individuals who are Class Members,

11

        and (3) provides a list of individuals who opted out of the Class.

[10] At the conclusion of the opt-out period, the Claims Administrator shall provide the contact information for all Class Members who did not opt out to Class Counsel.

[11] Class Counsel may, at his own expense, maintain a website to provide case documents and contact information to Class Members.

IT IS SO ORDERED.

DATED: October 14, 2010.

                /s/ Lawrence K. Karlton
                LAWRENCE K. KARLTON
                SENIOR JUDGE
                UNITED STATES DISTRICT COURT