B

MICHAEL L. TRACY, SBN 237779
email: mtracy@michaeltracylaw.com
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, California  92614
Tel.  949.260.9171
Fax:  866.365.3051

Attorneys for Plaintiffs
DIANE ADOMA and MICHELLE ABBASZADEH

JOHN S. BATTENFELD, SBN 119513
email: jbattenfeld@morganlewis.com
JASON S. MILLS, SBN 225126
email: jmills@morganlewis.com
KATHY H. GAO, SBN 259019
email: kgao@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, California  90071-3132
Tel.  213.612.2500
Fax:  213.612.2501

Attorneys for Defendants
THE UNIVERSITY OF PHOENIX, INC. and APOLLO
GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ADOMA, an individual, and MICHELLE ABBASZADEH, an individual, on behalf of themselves and others similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney Generals, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNIVERSITY OF PHOENIX, INC., an Arizona corporation; APOLLO GROUP, INC., an Arizona corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  CV10-00059 LKK-GGH <br><br> **JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** <br><br> Room:  4 <br> Judge:  Hon. Lawrence K. Karlton |

1    This Joint Stipulation of Settlement ("Stipulation" or "Settlement") is made and entered

2    into as of the date set forth below, between plaintiffs Diane Adoma and Michelle Abbaszadeh

3    (together, "Plaintiffs") as individuals and as representatives of the Settlement Class described

4    herein, and defendants The University of Phoenix, Inc. ("UOP") and Apollo Group, Inc.

5    (together, "Defendants"), who are parties to the above-captioned litigation (collectively, the

6    "Parties").

7    1.    **THE CONDITIONAL NATURE OF THIS STIPULATION**

8        1.1    This Stipulation and all associated exhibits or attachments are made for the sole

9    purpose of settling the above-captioned action. This Stipulation and the Settlement it evidences

10   are made in compromise of disputed claims. Because this action was pled as a class action, this

11   Settlement must receive preliminary and final approval by the Court. Accordingly, the Settling

12   Parties (as defined herein) enter into this Stipulation and associated Settlement on a conditional

13   basis. If the Court does not enter the Order of Final Approval, the proposed judgment does not

14   become a Final Judgment for any reason, and/or the Effective Date does not occur, this

15   Stipulation shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it

16   shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and

17   entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408,

18   California Evidence Code sections 1119 and 1152, and any other analogous rules of evidence that

19   are applicable.

20       1.2    Defendants deny all claims as to liability, damages, penalties, interest, fees,

21   restitution, injunctive relief and all other forms of relief as well as the class allegations asserted in

22   the Action, as that term is defined below. Defendants have agreed to resolve the Actions (as

23   defined below) via this Stipulation, but to the extent this Stipulation is deemed void or the

24   Effective Date does not occur, Defendants do not waive, but rather expressly reserve, all rights to

25   challenge all such claims and allegations in the Actions upon all procedural, merit, and factual

26   grounds, including, without limitation, the ability to challenge collective action treatment in the

27   Pennsylvania Action on any grounds, and to challenge class certification in the California Action

28   by way of a motion for decertification, as well as asserting any and all other potential defenses on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  the merits.  The Class Representatives and Class Counsel (as defined below) agree that

2  Defendants retain and reserve these rights, and the Class Representatives and Class Counsel agree

3  not to argue or present any argument, and hereby waive any argument that, based on this

4  Stipulation, Defendant cannot contest the appropriateness of continued certification on any

5  grounds whatsoever, or assert any and all other privileges or potential defenses if this Action were

6  to proceed.

7      1.3    The parties agree that any rulings made by the Court during the litigation were not

8  final and have no collateral estoppel or res judicata effect in this or in any other action.

9  2.    **DEFINITIONS**

10     The following terms, when used in this Joint Stipulation of Settlement and Release, shall

11  have the following meanings:

12     2.1    "Actions" means collectively the California Action (defined below) and the

13  Pennsylvania Action (defined below).

14     2.2    "California Action" means the above captioned action, identified as *Adoma, et al.*

15  *v. The University of Phoenix, Inc., et al.*, United States District Court, Eastern District of

16  California, Case No. 10-CV-00059-LKK-GGH.

17     2.3    "Claim Form" means the form entitled "Claim Form" in the same or substantially

18  same form attached hereto as Exhibit B.  A timely and completed Claim Form must be submitted

19  to the Claims Administrator for a Class Member to claim his/her share of the Settlement Pool.

20     2.4    "Claims Administrator" means Simpluris, Inc.

21     2.5    "Claims Period Deadline" shall be the date sixty (60) days after the Settlement

22  Documents are mailed to the Class Members by the Claims Administrator.  However,

23  Defendants, in their sole and absolute discretion, may elect to accept claims after the Claims

24  Period Deadline has expired.

25     2.6    "Class" means and includes, during the period from April 3, 2005 through the

26  Preliminary Approval Date ("Class Period"), the following:  (a) all current and former Enrollment

27  Counselors in California who were previously sent a class notice in the above-captioned case, but

28  who did not opt out of the class; (b) all Enrollment Counselors in California hired from August

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

13, 2010 to and including the Preliminary Approval Date ("Interim Class Members") and who do not opt out after receiving notice of the settlement; (c) all Enrollment Counselors in California who originally opted into the action entitled *Sabol, et al., v. Apollo Group, Inc., et al.*, United States District Court, Eastern District of Pennsylvania, Civil Action No. 2:09-cv-03439-JCJ, ("*Sabol*") and who subsequently excluded themselves from the *Sabol* settlement; and (d) one individual (Angelica Michelle Lee) who has communicated to Class Counsel her intent to opt into the Pennsylvania Action.  "Class" shall exclude all Enrollment Counselors in California who opted into *Sabol* but who did not exclude themselves from the *Sabol* settlement.

2.7    "Class Counsel" means the Law Offices of Michael Tracy.

2.8    "Class Member" means each person eligible to participate in this Settlement who is a member of the Class defined above.

2.9    "Class Period" means the time period April 3, 2005 through the Preliminary Approval Date.

2.10    "Class Representatives" means Plaintiffs Diane Adoma and Michelle Abbaszadeh.

2.11    "Class Representatives' Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Company Releasees (as defined below), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law or contract, whether known or unknown, pled or that could have been pled, and whether anticipated or unanticipated, including all unknown claims covered by Civil Code section 1542, as quoted in 6.8.4 below, by the Class Representatives, arising at any time up to and including the date on which the Court enters the Order of Final Approval, for any type of relief, including without limitation claims for wages, premium pay, unreimbursed expenses, failure to produce records, retaliation, damages, unpaid costs, penalties (including waiting time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.  The Class Representatives' Released Claims include, but are not limited to, the Released Claims (as defined below) as well as any other claims under any provision of the Fair Labor Standards Act, the

California Labor Code[1], any applicable California Industrial Welfare Commission Wage Orders, and claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code § 12940, *et seq*., the Unruh Civil Rights Act, California Civil Code § 51, *et seq*., the California Constitution, the California Business and Professions Code, the United States Constitution, the Uniformed Services Employment and Reemployment Rights Act (USERRA), the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*., the Family and Medical Leave Act, the California Family Rights Act, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., and all of their implementing regulations and interpretive guidelines.

2.12  "Complaint" means the Second Amended Class Action Complaint filed by Plaintiffs on October 29, 2010.

2.13  "Court" shall mean the United States District Court, Eastern District of California.

2.14  "Defendants' Counsel" means Morgan, Lewis & Bockius LLP.

2.15  "Effective Date" means the date on which the Judgment becomes a Final Judgment.

2.16  "Final Approval Date" means the date on which the Court enters the Order of Final Approval.

2.17  "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated Settlement pursuant to class action procedures and requirements; (ii) determining the amount of the award of attorneys' fees and costs to Class Counsel; (iii) determining the amount of the Service Payment to Class Representatives; and (iv) entering the Judgment.

2.18  "Final Judgment" means the latest of the following dates:  (i) if no Class Member files an objection to the Settlement, or if a Class Member files an objection to the Settlement which is subsequently withdrawn by the Class Member, then the date the Court enters a judgment

---

[1] Hereinafter, references to the "Labor Code" shall be to the California Labor Code.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

5

1  dismissing the Action and an Order of Final Approval of the Settlement; (ii) if a Class Member

2  files an objection to the Settlement, then after the applicable date for seeking appellate review of

3  the Court's final approval of the Settlement has passed, assuming no appeal or request for review

4  is filed; and (iii) if an appeal is filed, the final resolution of that appeal (including any requests for

5  rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the

6  Settlement.  Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to

7  the award of attorneys' fees or costs or Service Payment shall not by itself in any way delay or

8  preclude the Judgment from becoming a Final Judgment.

9       2.19   "Company Releasees" means The University of Phoenix, Inc. and Apollo Group,

10  Inc. and each of their past, present and/or future, direct and/or indirect, officers, directors,

11  employees, agents, representatives, attorneys, insurers, partners, investors, shareholders,

12  administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors

13  and/or assigns.

14       2.20   "Individual Settlement Payment" means a payment of $20,000 to be paid to

15  Plaintiff Adoma in settlement of her individual claims for retaliation, failure to provide pay

16  records, and wrongful termination, asserted in the Complaint and/or during the mediation process.

17       2.21   "Judgment" means the judgment to be executed and filed by the Court pursuant to

18  this Stipulation following the Final Approval Hearing.

19       2.22   "Maximum Settlement Amount" is the sum of Four Million Dollars ($4,000,000),

20  which represents the maximum amount payable in this Settlement by Defendants, which includes,

21  without limitation, attorneys' fees and costs, costs of settlement administration by the Claims

22  Administrator, the Service Payments to the Class Representatives, the Individual Settlement

23  Payment to Plaintiff Adoma, payment to the State of California in the amount of $50,000 for

24  Private Attorneys General Act ("PAGA") penalties, and the amounts payable to Qualified

25  Claimants.  Defendants shall pay the Qualified Settlement Fund's share of payroll taxes,

26  including, but not limited to, FICA and FUTA, for amounts paid to Qualified Claimants that are

27  attributable to wages separately and in addition to the Maximum Settlement Amount.

28       2.23   "Notice of Settlement" shall mean the document attached hereto as Exhibit A.

1       2.24    "Parties" shall mean Plaintiffs and Defendants.

2       2.25    "Pennsylvania Action" means the severed action, identified as *Diane Adoma v.*

3  *University of Phoenix, Inc., et al.*, United States District Court, Eastern District of Pennsylvania,

4  Civil Action No. 10-CV-4134.

5       2.26    "Preliminary Approval Date" means the date the Court approves this Stipulation,

6  and the exhibits thereto, and enters an Order providing for notice of the settlement to the Class, an

7  opportunity for Interim Class Members to opt out of the Class, an opportunity for Class Members

8  to submit timely objections to the Settlement, a procedure for submitting claims, and setting a

9  hearing on the fairness of the terms of Settlement, including approval of the Service Payment,

10  attorneys' fees, and costs.

11       2.27    "Qualified Claimant" means a Class Member who has timely submitted a correctly

12  completed and signed Claim Form.  A Qualified Claimant shall also include a Class Member who

13  has submitted a correctly completed and signed Claim Form, that is late, but the Claim Form is

14  accepted by Defendants, in their sole discretion, as provided herein.

15       2.28    "Qualified Settlement Fund" means the fund established by the Claims

16  Administrator for the benefit of Qualified Claimants and from which the Settlement Payments

17  shall be paid.

18       2.29    "Released Claims" shall mean any and all causes of action or claims which have

19  been or could have been asserted based upon facts and allegations set forth in the Complaint

20  under federal, state, or local laws, and/or ordinances, or tort or contract theories, whether known

21  or unknown, and whether anticipated or unanticipated, including unknown claims covered by

22  Civil Code section 1542, as quoted in Section 6.8.2 below, that accrued or accrue through the

23  Preliminary Approval Date, including, but not limited to, claims for:  failure to pay overtime,

24  whether at all or at the correct rate, failure to pay for all hours worked, failure to pay for off the

25  clock work, failure to timely pay final or other wages, failure to provide meal and rest breaks,

26  failure to pay premium pay for missed meal and/or rest breaks, failure to reimburse and/or

27  indemnify employees for business expenses, failure to include the value, if any, of Defendants'

28  Education Tuition Program when calculating employees' "regular rate of pay," failure to keep

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

1   and furnish accurate payroll records and wage statements, failure to issue compliant out-of-state

2   paychecks, failure to provide pay records, and any and all claims for recovery of straight time

3   wages, overtime pay, minimum wage, premium pay, vacation pay, split shift pay, expense

4   reimbursements, waiting time penalties, other penalties, and/or liquidated damages and/or claims

5   based on Labor Code sections 98.6, 201, 202, 203, 204, 210, 212, 218.5, 218.6, 225.5, 226, 226.3,

6   226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1194, 1198, 2802, and the Private Attorneys General

7   Act, Labor Code section 2698, *et seq.*, IWC Wage Order No. 4 as it relates to the aforementioned

8   claims, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees,

9   litigation and other costs, expenses, restitution, and equitable and declaratory relief, and

10  violations of the California Business and Professions Code based on the aforementioned claims.

11          2.30    "Service Payment" means the amount approved by the Court to be paid to each of

12  the Class Representatives in recognition of their efforts and time as Class Representatives and as

13  consideration for a full, general, and comprehensive release and Civil Code section 1542 waiver

14  of the Class Representatives' Released Claims.  The Service Payments for the Class

15  Representatives shall not exceed Five Thousand Dollars ($5,000) per Class Representative.

16          2.31    "Settlement Documents" shall mean the Notice of Settlement (Exhibit A) and the

17  Claim Form (Exhibit B).

18          2.32    "Settlement Payment" means the amount due each Qualified Claimant under the

19  terms of this Stipulation.

20          2.33    "Settling Parties" shall mean Plaintiffs and Defendants.

21          2.34    "Settling Plaintiffs" and/or "Settlement Class" shall mean all Class Members who

22  do not timely object to the settlement pursuant to the procedures described below and all Interim

23  Class Members who do not timely submit a valid opt out request to the Claims Administrator.

24          2.35    "Settlement Pool" is the portion of the Maximum Settlement Amount available for

25  distribution to Qualified Claimants.  It equals the Maximum Settlement Amount less attorneys'

26  fees and costs, settlement administration costs, the Class Representative Service Payments,

27  Plaintiff Adoma's Individual Settlement Payment, and payments to the State of California for

28  PAGA penalties.

2.36    "Stipulation of Settlement" or "Stipulation" or "Settlement" shall mean this Joint Stipulation of Settlement and Release, signed by counsel for the Parties.

2.37    "Weeks Worked" shall mean the number of weeks for which each Class Member received pay for work performed in California as an Enrollment Counselor during the Class Period, calculated pursuant to Section 6.7.  "Weeks Worked" shall not include entire weeks when a Class Member was on a paid or unpaid leave of absence.

3.    **DESCRIPTION OF THE LITIGATION**

3.1    The California Action was filed on January 8, 2010 by Plaintiff Diane Adoma, a former Enrollment Counselor of UOP, and asserted a Fair Labor Standards Act ("FLSA") collective action claim and multiple wage and hour claims based on California state law on behalf of herself and all Enrollment Counselors of UOP in California who were employed at any time between April 3, 2005 and the Preliminary Approval Date.  Plaintiff Michelle Abbaszadeh was subsequently added as a named plaintiff.  On August 13, 2010, the Court severed and transferred the FLSA collective action claim to the Eastern District of Pennsylvania (the "Pennsylvania Action") where the first-filed *Sabol* case was pending.  On August 31, 2010, the Court granted class certification in the California Action.  On October 29, 2010, Plaintiffs filed their Second Amended Complaint in the California Action alleging:  (1) failure to pay overtime compensation under California Industrial Welfare Commission Orders and California Labor Code; (2) failure to itemize wage statements as required under Labor Code section 226; (3) waiting time penalties under Labor Code section 203; (4) violations of California Business and Professions Code section 17200; (5) failure to provide pay records (Plaintiff Adoma only); (6) retaliation (Plaintiff Adoma only); (7) civil penalties for overtime violations; (8) civil penalties for break violations; (9) civil penalties for Labor Code 226(a) violations; (10) civil penalties for failing to keep records; (11) civil penalties for out-of-state checks; and (12) failure to indemnify employees under Labor Code section 2802.

3.2    The Class currently encompasses approximately 1,612 current and former Enrollment Counselors.

3.3     On July 21, 2011, the Parties participated in a mediation with mediator Mark Rudy in Los Angeles, California.  The Parties subsequently reached an agreement on essential settlement terms based on a proposal by the mediator.  At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

3.4     Prior to the mediation, Defendants provided to Plaintiffs a sampling of Class Member time records and payroll records which both Defendants and Plaintiffs used to conduct their own detailed damage analyses.  In addition, the Parties propounded and responded to written discovery and took depositions.  The Parties also each investigated the claims at issue, analyzed the relevant law and conducted assessments of the potential damages and defenses.

3.5     Plaintiff Adoma's Individual Claims

3.5.1     Whereas, the Complaint in the California Action includes individual claims brought by Plaintiff Adoma on behalf of herself alleging that: (1) she requested her pay records in accordance with Labor Code section 226 and that Defendants failed to provide her with an opportunity to inspect or copy her records within 21 days; and (2) she complained about purportedly illegal activities being committed by Defendants and in response to her complaints of illegal activity, Defendants retaliated against her causing her to suffer lost wages and other damages, the recovery of which Plaintiff Adoma seeks pursuant to Labor Code 98.6 including payment of wages lost.  During the mediation, Plaintiff Adoma also alleged that she subsequently was wrongfully terminated from her alleged employment with Defendants.

3.5.2     Whereas, Defendants deny Plaintiff Adoma's individual claims in their entirety and deny that they have violated any law or legal or equitable obligation to Plaintiff Adoma in connection with her individual claims described above.

3.5.3     Whereas, the Parties desire to settle fully and finally all differences between them with respect to Plaintiff Adoma's individual claims described above.

3.5.4     Whereas, at the mediation of the California Action on July 21, 2011 with mediator Mark Rudy, Defendants agreed to pay Plaintiff Adoma the Individual Settlement Payment in exchange for her dismissal, with prejudice, of her individual claims alleged in the Complaint, and her waiver of any claim to be reemployed or employed by Defendants.

4.       **BENEFITS OF THE SETTLEMENT TO THE CLASS AND DEFENDANTS**

4.1       Class Counsel has diligently pursued an investigation of the Class Members' claims against Defendants.  Based on the forgoing data and on their own independent investigation and evaluation, Class Counsel is of the opinion that settlement with Defendants for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay associated with litigation, the risk that the class could be decertified as to some or all claims, the risk associated with various defenses asserted by Defendants, and numerous potential appellate issues even if Plaintiffs prevail at trial.  Defendants and Defendants' Counsel also agree that the settlement is fair and reasonable given the risks and costs of further litigation.

4.2       In addition to the above, Class Counsel has weighed the monetary benefit under the Settlement to the Settlement Class against the expenses and length of continued proceedings that would be necessary to prosecute the Actions against Defendants through trial, and possible appeals.  Therefore, Class Counsel has determined that the settlement set forth in this Stipulation is in the best interests of the Class Members.

5.       **DEFENDANT'S POSITION**

5.1       Defendants on behalf of themselves and the Company Releasees, specifically and generally deny any and all liability or wrongdoing of any sort with regard to any of the claims alleged, make no concessions or admissions of liability of any sort, and maintain that for any purpose other than Settlement, the Actions are not appropriate for class and/or collective action treatment.  Neither this Stipulation, nor any document referred to in it, nor any actions taken pursuant to this Stipulation of Settlement, is or should be construed as an admission by Defendants of any fault, wrongdoing, or liability whatsoever.  Nonetheless, Defendants have concluded that further conduct of the Actions would be protracted, distracting, and expensive, and that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants have also taken into account the uncertainty and risks inherent in any litigation.  Defendants have therefore determined that it is

1    desirable and beneficial to it to settle the Actions in the manner and upon the terms and conditions

2    set forth in this Stipulation.

3         5.2    It is the Parties' intention that this Settlement shall constitute a full and complete

4    settlement and release of any and all Released Claims against any and all Company Releasees.

5    6.    **OPERATIVE TERMS OF SETTLEMENT**

6         The Parties to this case agree as follows:

7         6.1    Class Certification

8              6.1.1    If, for any reason, the Court does not approve this Stipulation, fails to enter

9    the Judgment, or if this Stipulation is terminated or if there is no Final Judgment for any other

10   reason, Defendants shall retain the right to dispute the appropriateness of continued class

11   certification.

12        6.2    Maximum Settlement Payment

13             6.2.1    Defendants shall pay an amount not to exceed Four Million Dollars

14   ($4,000,000) as the Maximum Settlement Amount to resolve the Action on a class-wide basis, as

15   described more fully below.  The Maximum Settlement Amount includes the costs of

16   administration of the settlement estimated at approximately Twenty Thousand Dollars ($20,000),

17   reasonable attorneys' fees as determined by the Court (not to exceed one-third of the Maximum

18   Settlement Amount) for Class Counsel and costs not to exceed Twenty-Five Thousand Dollars

19   ($25,000), the Service Payments to the Class Representatives (not to exceed $5,000 per Class

20   Representative), the Individual Settlement Payment, a Fifty Thousand Dollar ($50,000) payment

21   for PAGA penalties to the California Labor and Workforce Development Agency ("LWDA"),

22   with the balance ("Settlement Pool") to pay the Settlement Payments to Qualified Claimants

23   pursuant to Section 6.7 below.  However, in the event that the total amount claimed by Qualified

24   Claimants as a group does not equal at least 50% of the amount of the Settlement Pool, then the

25   dollar amounts for each Qualified Claimant shall increase on a pro-rata basis based on Weeks

26   Worked until 50% of the Settlement Pool is paid to Qualified Claimants as a group.  Any portion

27   of the Maximum Settlement Amount remaining after payment of the costs of the administration

28   of the settlement, Court-approved attorneys' fees and costs, Court-approved Class Representative

Service Payments, additional settlement payment to Plaintiff Adoma for her individual claims, payment to the LWDA for PAGA penalties, and Settlement Payments to the Qualified Claimants shall remain the property of Defendants.

      6.3     Class Representatives' Service Payments

          6.3.1   The Class Representatives' Service Payments will, subject to Court approval, be in an amount not to exceed $5,000 to each Class Representative for service and assistance to the Class.  Because the Service Payments represent payment to the Class Representatives for service to the Class Members and consideration for the General Release, taxes will not be withheld from the Service Payment.  The Claims Administrator will report the Service Payments on an IRS Form 1099, and any other required tax forms, and will provide said forms to the Class Representatives and to the pertinent taxing authorities as required by law.  The Class Representatives assume full responsibility for paying all taxes, federal and state, if any, due as a result of the Service Payments and agree to indemnify Defendants for any such taxes owed by them.  Any amount of the Class Representatives' Service Payments that is not awarded by the Court shall be added to the Settlement Pool.

      6.4     Attorneys' Fees and Costs

          6.4.1   Class Counsel shall apply to the Court for an award of reasonable attorneys' fees not to exceed 33% of the Maximum Settlement Amount and costs not to exceed Twenty-Five Thousand Dollars ($25,000).  Defendants will not oppose Class Counsel's request for reasonable attorneys' fees and costs.  Any unawarded attorneys' fees/costs or Service Payments amounts shall be added to the Settlement Pool.

      6.5     Payment to LWDA for PAGA Penalties

          6.5.1   Within fifteen (15) business days following the Effective Date, Defendants shall pay Fifty Thousand Dollars ($50,000) from the Maximum Settlement Amount to the LWDA as its share of the Settlement attributable to claims for civil penalties brought under PAGA.

      6.6     Claims Administrator

          6.6.1   The Claims Administrator shall be Simpluris, Inc.  The fees and expenses reasonably incurred by the Claims Administrator as a result of the procedures and processes

1  expressly required by this Stipulation (the "Settlement Administration Costs") shall be paid out of

2  the Maximum Settlement Amount, estimated to be Twenty Thousand Dollars ($20,000).  The

3  Settlement Administration Costs shall include:  all costs of administering the Settlement,

4  including, but not limited to, all tax document preparation, custodial fees, and accounting fees

5  incurred by the Claims Administrator; all costs and fees associated with preparing, issuing and

6  mailing any and all notices and other correspondence to Class Members and/or Qualified

7  Claimants; all costs and fees associated with communicating with Class Members, Class Counsel,

8  and Defendant's Counsel; all costs and fees associated with computing, processing, reviewing,

9  and paying the Settlement Payments, and resolving disputed claims; all costs and fees associated

10  with calculating tax withholdings and payroll taxes, including making related payment to federal

11  and state tax authorities, and issuing tax forms relating to payments made under the Settlement;

12  all costs and fees associated with preparing any tax returns and any other filings required by any

13  governmental taxing authority or agency; all costs and fees associated with preparing any other

14  notices, reports, or filings to be prepared in the course of administering Settlement Payments; and

15  any other costs and fees incurred and/or charged by the Claims Administrator in connection with

16  the execution of its duties under this Stipulation.

17  　　　　6.6.2　　The actions of the Claims Administrator shall be governed by the terms of

18  this Stipulation, any Orders from the Court, and any agreement by counsel of record regarding

19  communications with the Claims Administrator.  Absent any agreement, Defendants may

20  communicate with the Claims Administrator with notice and/or copies to opposing counsel.

21  　　　　6.6.3　　In the event that either Defendants' Counsel or Class Counsel takes the

22  position that the Claims Administrator is not acting in accordance with the terms of the

23  Stipulation, such party shall meet and confer first with opposing counsel and/or, if necessary with

24  the Claims Administrator or the Court to attempt to resolve the issue.

25  　　6.7　　Calculation of Settlement Payments

26  　　　　6.7.1　　Each Class Member, including the Class Representatives, will be entitled

27  to apply to receive a settlement payment (the "Settlement Payment").  The Settlement Payment

28  eligibility for a Class Member shall be calculated as follows:

a.      Weeks Worked by each Class Member will be calculated as defined in Section 2.37.  The total of all Weeks Worked calculated in this manner will be the Total Weeks Worked.

b.      The Settlement Pool will be divided by the Total Weeks Worked by all Class Members as calculated and described above in 6.7.1(a) above, to produce the dollar amount that will be paid for each Week Worked: *(Total Settlement Pool ÷ Total Weeks Worked by Class Members = Workweek Payment)*.  Each Qualified Claimant will be paid based on their individual Weeks Worked according to the following formula: *(Qualified Claimant's Weeks Worked x Workweek Payment = Qualified Claimant Payment)*.  In the event, however, that the total amount claimed by all Qualified Claimants does not equal at least 50% of the Settlement Pool, then the dollar amounts for each Qualified Claimant shall increase on a pro-rata basis until 50% of the Settlement Pool is paid to Qualified Claimants.  Each Qualified Claimant's Settlement Payment will be determined using the above Formula in 6.7.1(b) , but with the new and higher Workweek Payment amount calculated as follows: *(50% of Settlement Pool ÷ Total Weeks Worked by Qualified Claimants = Workweek Payment).*  Any amount of the Settlement Pool above the 50% minimum that is not distributed to Qualified Claimants shall remain the property of, and/or revert back to Defendants.

6.7.2    The Parties recognize that the Settlement Payments to be paid to Class Members reflect settlement of a dispute over claimed wages, business expenses, interest, penalties, and other alleged damages.  Except for the Class Representatives' Service Payments described above to be paid to Plaintiffs, all Settlement Payments to Qualified Claimants are allocated as follows:  unpaid wages – 50% of each Settlement Payment; and interest and penalties – 50% of each Settlement Payment.  Defendants will pay from the Maximum Settlement Amount the Qualified Settlement Fund's (i.e., the employer's) portion of payroll taxes, including, but not limited to FICA and FUTA, on the portion of each Settlement Payment allocated to unpaid wages.

6.7.3    Qualified Claimants will be responsible for paying all other local, state, and federal taxes due on their Settlement Payments, and the Claims Administrator shall make

appropriate tax deductions and withholdings from each Settlement Payment allocated as wages and pay the employer portion of the taxes and withholdings, which will be part of the Maximum Settlement Amount.  Other than as set forth above, the Claims Administrator will not make any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments to extent permitted by law, or charity withholdings, from or with respect to the payments to Qualified Claimants, and entry of the Order of Final Approval by the Court shall be deemed authority not to make any such deductions, withholdings, or additional payments.

6.7.4    Only Qualified Claimants shall be entitled to a Settlement Payment.  The Claims Administrator shall withhold from each Qualified Claimant's Settlement Payment the Qualified Claimant's share of applicable payroll taxes for the portion of the Settlement Payment allocated as wages.

6.7.5    Neither the Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Defendants.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendants' sponsored benefit plans, policies, or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going-forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of the Company Releasees' benefit plans, policies, or bonus programs.  The Company Releasees retain the right to modify the language of their benefit plans, policies, and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation.

6.8     Releases

       6.8.1     Upon Final Approval, each Settling Plaintiff shall be deemed to have fully, finally, and forever released the Company Releasees from all Released Claims through the date of Final Approval.

       6.8.2     With respect to the Released Claims only, each Settling Plaintiff shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

       6.8.3     Upon Final Approval, and subject to the Class Representatives receiving a Service Payment amount of up to Five Thousand Dollars ($5,000) each and Plaintiff Adoma receiving an additional Individual Settlement Payment of Twenty Thousand Dollars ($20,000) for her individual claims, the Class Representatives shall be deemed to have fully, finally, and forever released Company Releasees from all of the Class Representatives' Released Claims through the date of Final Approval, and the Class Representatives shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits each of them may otherwise have had relating to the Class Representatives' Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

       6.8.4     The above releases given are conditional and shall only take effect unconditionally upon the Effective Date.

7. **NOTICE TO CLASS AND CLAIM PROCEDURE**

    7.1   Preliminary Approval

        7.1.1   Class Counsel and Defendants' Counsel shall jointly submit to the Court this Joint Stipulation of Settlement, and exhibits thereto, for preliminary approval by the Court. Class Counsel will prepare and file the Preliminary Approval motion papers, subject to review and approval by Defendants' counsel.  The Court's preliminary approval of this Settlement shall be embodied in an Order preliminarily approving the Settlement, and providing for Settlement Documents to be mailed to the Class in the general forms attached hereto as Exhibits A and B, and which will also set the date for the final approval hearing.

    7.2   Notice

        7.2.1   Within twenty (20) business days after the Court issues the Preliminary Approval Order, Defendants shall provide to the Claims Administrator in electronic form, a list of each Class Member, including each Class Member's name, last known address (identified from Defendants' payroll records), social security number, and number of Weeks Worked ("Database").  The Database shall be based on Defendants' payroll, personnel, and/or other business records and provided in a format acceptable to the Claims Administrator.  Defendants agree to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator.  The Claims Administrator shall maintain the Database, and all data contained within the Database, as private and confidential and shall not disclose such data to any persons or entities other than Defendants' Counsel, except that relevant information may be provided to Class Counsel to the extent necessary to address a disputed claim or to respond to a specific inquiry from a Class Member.  This data is being supplied solely for purposes of the administration of the Settlement and hence cannot be used by the Claims Administrator or Class Counsel for any purpose other than to administer the Settlement.  The Parties agree that the information in the Database will not be used to solicit Class Members to file any claim, charge or complaint of any kind whatsoever against Defendants, or for any other purpose other than to administer the Settlement as provided herein.  Upon receipt of the Database, the Claims Administrator shall check the names of former employee Class Members with the

U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of those Class Members.  The Claims Administrator will update the Database with all new contact information found pursuant to its obligations in this paragraph, or based on information provided by Class Members during the Claims process.

7.2.2    Within thirty-five (35) business days of the Preliminary Approval Date, the Claims Administrator will send via first class mail the Settlement Documents to the Class Members.

7.2.3    If any Settlement Documents are returned to the Claims Administrator as undeliverable, the Claims Administrator shall run a skip-trace using that Class Member's social security number in an effort to attempt to ascertain the current address of the Class Member.  If such address is ascertained, the Claims Administrator shall use reasonable efforts to re-mail the Settlement Documents.

7.2.4    In order to claim his/her share of the Settlement Pool, a Class Member must submit to the Claims Administrator an executed Claim Form that is postmarked within sixty (60) calendar days from the initial mailing of the Settlement Documents.  Except as provided herein, no Claim Forms will be honored if postmarked after the sixty (60) calendar-day period for the filing of claims, except at the sole and exclusive discretion of Defendants.  If a Claim Form is timely post-marked but is incomplete or otherwise deficient, the Claims Administrator will send the Class Member a notice of deficiency, and the Class Member will have twenty (20) calendar days following the mailing of the notice of deficiency, or before the sixty (60) calendar-day deadline for the filing of claims, whichever is later, to cure the deficiency.  If a Claim Form is post-marked after the sixty (60) day period set forth herein, Defendants shall have the option to determine, in their sole and absolute discretion, whether or not to accept the Claim Form.  If a late submitted Claim Form is accepted by Defendants, it shall be considered the same as if it had been timely submitted.  If a Class Member submits a valid Claim Form, the Class Member will be deemed to have opted into the FLSA claims that were pursued in the Pennsylvania Action.

7.2.5    Only Interim Class Members will have sixty (60) calendar days from the date of mailing the Settlement Documents within which to opt-out of the Settlement.  Interim

Class Members who wish to exercise this option must timely submit a signed written request to be excluded from the Settlement to the Claims Administrator ("Opt-Out Request"), including his/her name, address, and last four digits of his/her social security number.  The Opt-Out Request must be postmarked on or before sixty (60) calendar days from the date of mailing the Settlement Documents.  Interim Class Members who do not timely submit an executed Opt-Out Request shall be part of the Settlement Class and bound by the Settlement.  All other Class Members will be bound by the Settlement.  Interim Class Members who timely submit an executed Opt-Out Request shall have no further role in the California Action, and for all purposes they shall be regarded as if they never were a party to the California Action or a Class Member, and thus they shall not be entitled to any payment as a result of this Settlement and shall not be entitled to or permitted to assert an objection to the Settlement.  The Notice of Settlement shall advise Interim Class Members of their right to opt out of the Settlement and of the consequence thereof.  Neither the Parties nor any of their counsel will solicit, encourage or advise any Interim Class Member to submit an Opt-Out Request.

7.2.6    Interim Class Members who timely submit both an Opt-Out Request and a Claim Form shall be sent a letter by the Claims Administrator requesting clarification of the Interim Class Member's intent.  The letter will state that, unless the Interim Class Member clarifies within seven (7) calendar days that he or she intends to opt out, the Opt-Out Request will be null and void and the Interim Class Member will be deemed to be a Qualified Claimant.

7.2.7    Class Members, except for the Class Representatives, will have sixty (60) calendar days from the date of mailing the Settlement Documents within which to file an objection to the Settlement.  Only Interim Class Members who have not submitted an Opt-Out Request may object to the Settlement.  The Class Representatives will not object to the Settlement.  To object, a Class Member must file with the Court a written objection and any supporting documents, send copies to the Parties and their counsel as set forth in the Notice of Settlement, and provide notice of any intent to appear at the Final Approval Hearing.  The Parties and their counsel agree that they will not solicit, encourage, or advise any individual to object to the Settlement.

7.2.8    A Class Member may only challenge his or her number of Weeks Worked by writing on the Claim Form the number of Weeks Worked he or she contends to have worked for UOP during the Class Period, accompanied by supporting documentation or other evidence. The number of Weeks Worked determined by Defendants shall be rebuttably presumed to be correct and Defendants' records shall be rebuttably presumed correct for purposes of determining whether a claimant is a Class Member.  If the Class Member does not provide any documents or other evidence, the challenge will be rejected by the Claims Administrator, unless Defendants agree to accept the challenge.  All other challenges will be resolved at the exclusive discretion and authority of the Claims Administrator after seeking input from counsel for the Parties.  The Claims Administrator's decision shall be binding and non-appealable by Plaintiffs, Defendants, or the Class Member.  Defendants will promptly provide any information or documents reasonably requested by the Claims Administrator to assist in making its determination.

7.2.9    Beginning two weeks after the date the Settlement Documents are mailed, the Claims Administrator shall provide to Class Counsel and counsel for Defendants a weekly status report which will be cumulative, reflecting the number of Class Members who have filed Claim Forms, the collective number of Weeks Worked for those Class Members, and the number of complete Claim Forms, deficient Claim Forms, untimely Claim Forms, Claim Forms returned as undeliverable, remailed Claim Forms, objections, and Opt-Out Requests from Interim Class Members.

7.2.10  If 5% or more of the total number of Class Members submits timely and valid Opt-Out Requests, then Defendants shall have the option to void the Settlement.  To exercise this option, Defendants must send written notification to Class Counsel within ten (10) business days of receiving a report from the Claims Administrator following the Claims Period Deadline of the total number of timely and valid Opt-Out Requests from Interim Class Members. If Defendants choose to exercise this option, the effect will be precisely the same as if Final Approval did not occur, as discussed herein, and all Settlement Administration Costs incurred by the Claims Administrator through that date will be paid by Defendants.

7.3     Final Approval

7.3.1     Prior to the Final Approval Hearing, Plaintiffs will move the Court for entry of the Order of Final Approval (and associated entry of Judgment):  (a) finding the Settlement fair, reasonable, adequate, and in the best interests of the Class Members; (b) approving Class Counsel's application for an award of attorneys' fees and costs; (c) approving the Class Representatives' application for Service Payments; (d) approving the additional settlement payment to Plaintiff Adoma for her individual claims; (e) approving the payment of reasonable Settlement Administration Costs; and (f) dismissing the California Action, approving the scope of release, and releasing and barring any further Released Claims by all Class Members except for Interim Class Members who timely opt out of the Settlement.  The Parties and their counsel shall make all reasonable efforts to secure entry of the Order of Final Approval.  The proposed Order of Final Approval (and the associated proposed Judgment) shall be lodged with the Court no later than five (5) business days before the Final Approval Hearing.  Upon final approval, Plaintiffs agree to dismiss the Pennsylvania Action in its entirety, with prejudice.

7.3.2     Fourteen (14) days prior to the deadline for Class Members to object to the Settlement, Class Counsel shall file a motion seeking approval of attorneys' fees and costs.  Prior to the Final Approval Hearing, concurrent with or prior to the filing of the motion for final approval, Class Counsel shall file a motion seeking approval of the proposed Service Payments to the Class Representatives as set forth in this Stipulation.  The Class Representatives and Class Counsel agree that they shall be responsible for justifying the amount of the Service Payments and attorneys' fees and costs to the Court, and they agree to submit, as appropriate, the necessary materials to justify these payments.  Defendants will not oppose the amount of the Service Payments and attorneys' fees and costs sought, as long as they are consistent with the Stipulation.  If the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for the Service Payments for the Class Representatives as set forth in Sections 6.3 and 6.4, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of Defendants under this Stipulation.  Any

unawarded attorneys' fees/costs or Service Payments amounts shall be added to the Settlement Pool.

      7.3.3   If a ruling by the Court or in any appeal results in an order materially modifying, setting aside, or vacating any portion of the Stipulation, with the exception of any modification of the amount of attorneys' fees or costs to be paid to Class Counsel, or the amount of the Service Payments paid to the Class Representatives, each party adversely impacted by the order shall have the absolute right, at its sole discretion, to treat such order as an event permanently preventing Final Approval.  To exercise this right, the party must inform the other party and the Claims Administrator, in writing, of the exercise of this right, within ten (10) business days of receiving notice of any order modifying, setting aside, or vacating any portion of the Stipulation.  Before either party elects to exercise its right to treat such order as an event permanently preventing Final Approval, that party must meet and confer in good faith with the other party to determine if an agreement can be reached modifying this Settlement to the mutual satisfaction of the Parties.

      7.3.4   If the Final Approval or Final Judgment does not occur, or if this Stipulation is terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Stipulation.  In such an event, if the Stipulation is not approved by the Court substantially in the form agreed to by the Parties, or if the Settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Final Approval Date does not occur, this Stipulation (except for those provisions relating to non-admission, denial of liability set forth above, and the confidentiality agreements entered into by the Parties) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  Notwithstanding any other provision of this Stipulation, no order of the Court, modification, or reversal on appeal of any order of the Court, reducing the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    amount of any attorneys' fees or costs to be paid by Defendants to Class Counsel, or reducing the

2    amount of any Service Payments paid to the Class Representatives, shall constitute grounds for

3    cancellation or termination of the Stipulation, or grounds for limiting any other provision of the

4    Judgment.

5         7.4    Funding and Distribution of the Settlement Proceeds

6              7.4.1    Within fifteen (15) days after the Effective Date, Defendants shall pay the

7    Court-approved Class Representatives' Service Payments, the additional settlement payment to

8    Plaintiff Adoma for her individual claims, the Settlement Administration Costs, the amount

9    needed to pay the Settlement Payments, calculated pursuant to Section 6.7 above, and the amount

10   of attorneys' fees and costs awarded by the Court, into the Qualified Settlement Fund set up, held,

11   and controlled by the Claims Administrator.  Defendants shall pay to the Claims Administrator

12   funds equal to the amount of claims by Qualified Claimants (which the Claims Administrator

13   certifies to comply with the claims process) that have not been challenged as provided above, or

14   that have been challenged and accepted, as well as the amount for the employer's share of payroll

15   taxes based on the claims submitted by Qualified Claimants.  In the case of disputed claims, if

16   such claims are not resolved by the Effective Date, then within twenty (20) calendar days of

17   receipt of notice of the final decision with respect to such claims, Defendants shall timely pay or

18   cause to be paid those claims as resolved.

19             7.4.2    Within twenty-five (25) days after the Effective Date, the Claims

20   Administrator shall issue Settlement Payments to Qualified Claimants in the form of a check,

21   which shall become null and void if not deposited within one hundred eighty (180) days of

22   issuance.  After one hundred eighty (180) days of issuance, funds from undeposited checks will

23   be held by the Claims Administrator; if the Qualified Claimant to whom the undeposited check is

24   issued does not contact Class Counsel or the Claims Administrator concerning his or her

25   settlement payment within three hundred (300) days of issuance, the amount of that Qualified

26   Claimant's settlement payment shall be transmitted back to Defendants.  Regardless of whether

27   the Class Member receives payment, the Stipulation of Settlement, including its release, will be

28   binding on that Class Member.

7.4.3    Within twenty-five (25) days of the Effective Date, the Claims Administrator shall pay the Court-approved attorneys' fees and costs to Class Counsel or a trust account designated by Class Counsel.  Class Counsel shall provide to the Claims Administrator, with a copy to Defendants, the pertinent taxpayer identification number and IRS Form W-9 within twenty-five (25) days after the Effective Date.  Notwithstanding, if as of the Effective Date, there is any ongoing proceeding or appeal pertaining solely to the award of Court-approved attorneys' fees and costs to Class Counsel, then such payment will be delayed until twenty-five (25) days after the entry of a final non-appealable ruling and/or judgment concerning Court-approved attorneys' fees and costs to Class Counsel.

7.4.4    Within twenty-five (25) days of the Effective Date, the Claims Administrator shall send a check by mail for the Court-approved Service Payments to the Class Representatives care of Class Counsel.  Notwithstanding, if as of the Effective Date, there is any ongoing proceeding or appeal pertaining solely to Court-approved Service Payments to the Class Representatives, then such payment will be delayed until twenty-five (25) days after the entry of a final non-appealable ruling and/or judgment concerning the Court-approved Service Payments to the Class Representatives.

7.4.5    Upon the Final Approval Date, the Court will dismiss with prejudice the California Action and the parties will file a stipulation to dismiss the Pennsylvania Action in its entirety, with prejudice.

8.    **MISCELLANEOUS PROVISIONS**

8.1    Neither the acceptance nor the performance by Defendants of the terms of this Stipulation, nor any of the related negotiations or proceedings, is or shall be claimed to be, construed as, or deemed to be, an admission by Defendants of the truth of any of the allegations in the Complaint, the validity of any of the claims that were or could have been asserted by Plaintiff and/or any Class Members in the Actions, or of any liability or guilt of Defendants in the Actions.  Nothing in this Stipulation shall be construed to be or deemed an admission by Defendants of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the Class Representatives, the Class Members, or any other person, and Defendants specifically disclaim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

1   any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the Class Representatives,

2   the Class Members, and any other person.  All of the Parties have entered into this Stipulation

3   with the intention to avoid further disputes and litigation with the attendant inconvenience,

4   expenses, and contingencies.

5        8.2     The Parties agree to cooperate fully with one another to accomplish and implement

6   the terms of this Settlement.  Such cooperation shall include, but not be limited to, execution of

7   such other documents and the taking of such other action as may reasonably be necessary to

8   fulfill the terms of this Settlement.  The Parties to this Settlement shall exercise reasonable

9   efforts, including all efforts contemplated by this Settlement and any other efforts that may

10  become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set

11  forth herein.

12       8.3     Unless otherwise specifically provided herein, all notices, demands, or other

13  communications given hereunder shall be in writing and shall be deemed to have been duly given

14  as of the third business day after mailing by United States certified mail, return receipt requested,

15  addressed as follows:

16                 To the Plaintiff Class:

17                 Michael L. Tracy
                   Law Offices of Michael Tracy
18                 2030 Main Street, Suite 1300
                   Irvine, CA 92614
19
                   To Defendants:
20
                   John S. Battenfeld
21                 Morgan, Lewis and Bockius LLP
                   300 South Grand Avenue
22                 Twenty-second Floor
                   Los Angeles, CA 90071-3132
23

24       8.4     The Parties hereto agree that the terms and conditions of this Stipulation of

25  Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties and

26  that this Stipulation shall not be construed in favor of or against any party by reason of the extent

27  to which any party or its counsel participated in the drafting of this Stipulation.

28

8.5     Plaintiffs and Class Counsel agree that they will not issue any press releases, initiate any contact with the press, or provide any information to the press about this case.  Any communication about the Settlement to Class Members other than Plaintiffs prior to the Court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved notice.

8.6     The Class Representatives, by signing this Stipulation, are bound by the terms herein and further agree and not to object to any terms of this Stipulation.  Any such objection shall therefore be void and of no force or effect.  Defendants, Class Counsel, and the Class Representatives waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this Stipulation, except Plaintiffs and their counsel have the right to appeal any order denying, in whole or in part, its application for the award of attorneys' fees and costs and/or the Class Representatives' Service Payments.

8.7     Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class, Class Members, or Plaintiffs, may recover or seek to recover any amounts for fees, costs, or disbursements from the Company Releasees or the Maximum Settlement Amount except as expressly provided herein.

8.8     This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

8.9     This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

8.10    This Stipulation shall become effective upon its execution by all of the undersigned.  The Settling Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

8.11    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

1    Any action to enforce this Stipulation shall be commenced and maintained only in the Court.  To

2    the extent any Party seeks to enforce the terms of this Settlement or this Stipulation in Court, the

3    prevailing party to any such action shall be entitled to recover reasonable attorneys' fees and costs

4    associated with any such enforcement action.

5         8.12    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

6    convenience and for reference, and in no way define, limit, extend, or describe the scope of this

7    Stipulation, or any provision thereof.

8         IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and

9    their duly authorized attorneys, as of the day and year herein set forth.

10

11   Dated:        January __, 2012              DIANE ADOMA

12                                              By _____
                                                   Diane Adoma

13   Dated:        January __, 2012              MICHELLE ABBASZADEH

14

15                                              By _____
                                                   Michelle Abbaszadeh

16   Dated:        January __, 2012              UNIVERSITY OF PHOENIX, INC.

17                                              By _____

18                                                 Name:
                                                   Its:

19   Dated:        January __, 2012              APOLLO GROUP, INC.

20

21                                              By _____

22                                                 Name:
                                                   Its:

23   Dated:        January __, 2012              LAW OFFICES OF MICHAEL TRACY

24                                              By _____

25                                                 Michael L. Tracy
                                                   Attorneys for Plaintiffs
26                                                 DIANE ADOMA and MICHELLE
                                                   ABBASZADEH

27

28

1

2      Dated:        January __, 2012                    MORGAN, LEWIS & BOCKIUS LLP

3                                                        By _____
                                                           John S. Battenfeld
4                                                          Attorneys for Defendants
                                                           UNIVERSITY OF PHOENIX, INC. and
5                                                          APOLLO GROUP, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Any action to enforce this Stipulation shall be commenced and maintained only in the Court.  To

2    the extent any Party seeks to enforce the terms of this Settlement or this Stipulation in Court, the

3    prevailing party to any such action shall be entitled to recover reasonable attorneys' fees and costs

4    associated with any such enforcement action.

5         8.12    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

6    convenience and for reference, and in no way define, limit, extend, or describe the scope of this

7    Stipulation, or any provision thereof.

8         IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and

9    their duly authorized attorneys, as of the day and year herein set forth.

10

11   Dated:    January __, 2012          DIANE ADOMA

12                                       By _____
                                            Diane Adoma

13   Dated:    January __, 2012          MICHELLE ABBASZADEH
14             *2/5/12*

15                                       By _____
                                            Michelle Abbaszadeh

16   Dated:    January __, 2012          UNIVERSITY OF PHOENIX, INC.

17                                       By _____
18                                          Name:
                                            Its:

19   Dated:    January __, 2012          APOLLO GROUP, INC.
20

21                                       By _____
                                            Name:
22                                          Its:

23   Dated:    January __, 2012          LAW OFFICES OF MICHAEL TRACY
24             February 3, 2012
                                         By _____
25                                          Michael L. Tracy
                                            Attorneys for Plaintiffs
26                                          DIANE ADOMA and MICHELLE
                                            ABBASZADEH
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

1  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.  To

2  the extent any Party seeks to enforce the terms of this Settlement or this Stipulation in Court, the

3  prevailing party to any such action shall be entitled to recover reasonable attorneys' fees and costs

4  associated with any such enforcement action.

5        8.12    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

6  convenience and for reference, and in no way define, limit, extend, or describe the scope of this

7  Stipulation, or any provision thereof.

8        IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and

9  their duly authorized attorneys, as of the day and year herein set forth.

10  Dated:      January __, 2012          DIANE ADOMA
11              February 23, 2012

12                                        By _____
                                          Diane Adoma

13  Dated:      January __, 2012          MICHELLE ABBASZADEH

14                                        By _____
                                          Michelle Abbaszadeh
15
    Dated:      January __, 2012          UNIVERSITY OF PHOENIX, INC. and
16                                        APOLLO GROUP, INC.

17                                        By _____
18                                          Name:
                                            Its:
19
    Dated:      January __, 2012          LAW OFFICES OF MICHAEL TRACY
20

21                                        By _____
                                          Michael L. Tracy
22                                        Attorneys for Plaintiffs
                                          DIANE ADOMA and MICHELLE
23                                        ABBASZADEH

24  Dated:      January __, 2012          MORGAN, LEWIS & BOCKIUS LLP

25                                        By _____
                                          John S. Battenfeld
26                                        Attorneys for Defendants
                                          UNIVERSITY OF PHOENIX, INC. and
27                                        APOLLO GROUP, INC.

28
MORGAN, LEWIS &
  BOCKIUS LLP                                    28
 ATTORNEYS AT LAW
   LOS ANGELES

DB2/ 22640448.6              JOINT STIPULATION OF SETTLEMENT AND RELEASE

1   Any action to enforce this Stipulation shall be commenced and maintained only in the Court.  To

2   the extent any Party seeks to enforce the terms of this Settlement or this Stipulation in Court, the

3   prevailing party to any such action shall be entitled to recover reasonable attorneys' fees and costs

4   associated with any such enforcement action.

5         8.12   Paragraph titles or captions contained in the Stipulation are inserted as a matter of

6   convenience and for reference, and in no way define, limit, extend, or describe the scope of this

7   Stipulation, or any provision thereof.

8         IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and

9   their duly authorized attorneys, as of the day and year herein set forth.

10

11   Dated:     January ___, 2012       DIANE ADOMA

12                 By _____
              Diane Adoma

13   Dated:     January ___, 2012       MICHELLE ABBASZADEH

14

15                 By _____
              Michelle Abbaszadeh

16   Dated:     ~~January~~ ___, 2012       UNIVERSITY OF PHOENIX, INC. and

17         *March 14,*              APOLLO GROUP, INC.

18                 By *[signature]*
              Name: *Matthew Mitchell*

19                 Its:  *VP, Legal*

20   Dated:     January ___, 2012       LAW OFFICES OF MICHAEL TRACY

21                 By _____

22                 Michael L. Tracy
              Attorneys for Plaintiffs

23                 DIANE ADOMA and MICHELLE
              ABBASZADEH

24        *March 16,*           MORGAN, LEWIS & BOCKIUS LLP
     Dated:   ~~January~~ ___, 2012

25                 By *[signature]*

26                 John S. Battenfeld
              Attorneys for Defendants

27                 UNIVERSITY OF PHOENIX, INC. and
              APOLLO GROUP, INC.

28