UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE ADOMA,

        Plaintiff,

    v.

THE UNIVERSITY OF PHOENIX, INC., et al.,

        Defendants.
/

NO. CIV. S-10-0059 LKK/GGH

O R D E R

The court is in receipt of a Joint Motion for Certification of the Settlement Class and Preliminary Approval of Settlement, ECF No. 129. The motion is scheduled for hearing on May 21, 2012.

The court previously certified four classes in the instant action, holding that certification was warranted under Fed. R. Civ. P. 23(b)(3). Order, August 31, 2010, ECF No. 83. The certified classes were defined as follows:

    1. All current or former Enrollment Counselors who worked at least one week in the State of California for either The University of Phoenix, Inc. or Apollo Group,

1

        Inc. at any time between April 5, 2005 and August 13, 2010. ("California Overtime Class") and ("California Meal Break Class") and;

        2. All current or former Enrollment Counselors who received at least one paycheck statement for work performed in the State of California for either The University of Phoenix, Inc. or Apollo Group, Inc. at any time between April 5, 2008 and August 13, 2010. ("California Paystub Class") and;

        3. All current or former Enrollment Counselors who worked at least one week in the State of California for either The University of Phoenix, Inc. or Apollo Group, Inc. at any time between April 5, 2006 and August 13, 2010 whose employment ended at least once during that same time period. This class includes current employees who worked during the covered time period, ceased working, and then began employment again. ("California Waiting Time Class.")

        4. The term "Enrollment Counselors" includes employees with the job title of "enrollment counselor" as well as any other nonexempt employee who utilized the Avaya phone system's Automatic Call Distribution system to receive calls relating to enrollment.

Id.

    In the pending joint motion, the parties seek certification of four classes with different definitions than the classes

previously certified. The motion does not discuss what standards apply to a motion for certification of a settlement class when a class has already been certified. Nor does it discuss how the definitions of the proposed settlement classes differ from the classes already certified. Further, the motion does not discuss what effect a settlement of the claims of the proposed settlement class will have on the classes already certified in this action. The court finds a discussion of these questions to be necessary before it can rule on the pending joint motion. Accordingly, the court orders as follows:

> [1] The hearing on the Joint Motion for Certification of Settlement Class and Preliminary Approval of Settlement is CONTINUED to June 18, 2012 at 10:00 a.m.
>
> [2] No later than June 4, 2012, the parties SHALL file a brief addressing the following questions: A) What standard applies to a motion for certification of settlement classes when classes have already been certified, and how does that standard apply to the instant motion? B) How do the proposed settlement classes differ from the classes already certified? C) What effect would a settlement of the proposed settlement classes' claims have on the members of the previously certified class?

IT IS SO ORDERED.

DATED: May 14, 2012.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3