UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DIANE ADOMA, an individual, and MICHELLE ABBASZADEH, an individual, on behalf of themselves and others similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF PHOENIX, INC., AN ARIZONA CORPORATION; APOLLO GROUP, INC., AN ARIZONA CORPORATION;<br><br>Defendants. | Case No.: CV10-00059-LKK-GGH<br><br>**ORDER GRANTING PRELIMINARY APPROVAL AND CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS**<br><br>Hearing Date: May 21, 2012<br>Time:  10:00a.m.<br>Ctrm: 4<br>Judge: Hon. Lawrence K. Karlton<br><br>Date Filed: January 8, 2010<br>Trial Date: June 12, 2012 |

This matter coming before the Court on Joint Motion for Preliminary Approval of Class Action Settlement Agreement (the "Preliminary Approval Motion"), and after review and consideration of the Joint Stipulation of Settlement and Release ("Settlement Agreement"), the papers in support of the Preliminary

Approval Motion, and the arguments of counsel, , IT IS HEREBY ORDERED as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed Settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Preliminary Approval Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class, in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

2. Solely for the purpose of Settlement, and pursuant to Rule 23, the Court hereby preliminarily certifies the following classes for the period from April 5, 2005 through the date the Court enters an Order preliminarily approving the settlement: (a) all current and former Enrollment Counselors in California who were previously sent a class notice in the above-captioned case, but who did not opt out of the class; (b) all Enrollment Counselors in California hired from August 13, 2010 to and including the Preliminary Approval Date ("Interim Class Members") who were not previously sent a class notice; (c) all Enrollment Counselors in California who originally opted into the action entitled *Sabol, et al., v. Apollo Group, Inc., et al.*, United States District Court, Eastern District of Pennsylvania, Civil Action No. 2:09-cv-03439-JCJ, ("*Sabol*") and who subsequently excluded themselves from the *Sabol* settlement; and (d) one individual (Angelica Michelle Lee) who has communicated to Class Counsel her intent to opt in to the Pennsylvania Action. "Class" shall exclude all Enrollment Counselors in California who opted into *Sabol* but who did not exclude themselves from the *Sabol* settlement.

3. Solely for the purpose of settlement, Class Members who submit claim forms will also be deemed to have consented to join the Fair Labor Standards Act ("FLSA") claims pursuant to Section 216(b) of the FLSA for purposes of achieving a Court-approved release of FLSA claims. If the settlement does not become final, these consents to join will have no force and effect in the action.

4. The Court orders that the Settlement Class is preliminarily certified for settlement purposes only. If the settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class action is properly certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Company Releasees, or in this litigation if the settlement is not finally approved.

5. The Court finds that certification of the Settlement Class solely for purposes of Settlement is appropriate in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) claims of the named Plaintiff are typical of the claims of the Settlement Class; (d) the named Plaintiff and class counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court hereby preliminarily appoints the Plaintiffs as Representatives of the Class and finds that they meet the requirements of Rule 23.

7. The Court preliminarily appoints the following lawyers as counsel to the

Settlement Class, and finds that counsel meets the requirements of Rule 23:

>MICHAEL L. TRACY, ESQ., SBN 237779
>MTRACY@MICHAELTRACYLAW.COM
>LAW OFFICES OF MICHAEL TRACY
>2030 Main Street, Suite 1300
>Irvine, CA  92614
>T: (949) 260-9171
>F: (866) 365-3051

8. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That plan is approved and adopted. This Court further finds that the Notices of Pendency of Class Action Settlement (the "Class Notices") comply with Rule 23(c)(2) and Rule 23(e), and are appropriate as part of the Notice Plan, and are approved and adopted.

9. The Court finds that Simpluris, Inc. is qualified to act as the Claims Administrator for this settlement.

10. The Court finds and orders that no other notice is necessary.

11. The Court orders that pending final determination as to whether the Settlement should be approved, the Class Representatives and other Class Members, whether or not such persons have appeared in this action, shall not institute or prosecute any claims or actions against the Company Releasees (as defined in the Settlement Agreement) that fall within the definition of the Released Claims (as defined in the Settlement Agreement) for the Class Period, and any other pending actions by Class Members against the Company Releasees, whether in court, arbitration, or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims that fall within the definition of the Released Claims for the Class Period.

12. To effectuate the settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Settlement Agreement, and directs the parties to incorporate the deadlines and dates in the Notice and required forms:

| | |
|---|---|
| Deadline for Defendants to provide to Claims Administrator a database of all putative Class Members, including names, , last known addresses, social security numbers, and dates of employment. | Within 20 business days after preliminary Court approval. See Settlement Agreement ¶ 7.2.1. |
| Deadline for mailing of Class Notices by Claims Administrator | Within 35 business days after preliminary Court approval. See Settlement Agreement ¶ 7.2.2. |
| Last day to file motion for attorney's fees and costs. | Fourteen (14) calendar days prior to the deadline for Class Members to object to the Settlement, Class Counsel shall file a motion seeking approval of attorneys' fees and costs. See Settlement Agreement ¶ 7.3.2. |
| Last day for Class Members to submit Claim Forms or opt out of the Settlement or to submit written objections to the Settlement | Within 60 calendar days after the date of initial mailing of Class Notice. See Settlement Agreement ¶ 7.2.4. |
| Last day to file motion for final approval and approval of Class Representatives' service payments. | 28 calendar days prior to date set for final fairness hearing. |

13. The fairness hearing and hearing for Final Approval set forth in the Class Notices is hereby scheduled for  November 5, 2012       at   10:00  a.m.

IT IS SO ORDERED.

DATED:  June 19, 2012

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

-5-