# EXHIBIT A

**SETTLEMENT CLAIM FORM/CONSENT TO JOIN FORM**
IN THE UNITED STATES DISTRICT COURT OF CALIFORNIA
EASTERN DISTRICT OF CALIFORNIA
*Diane Adoma, et al. v. The University of Phoenix, Inc., et al.*, Case No. CV10-00059 LKK-GGH

> **YOU MUST COMPLETE, SIGN, AND RETURN THE ATTACHED CLAIM FORM ON OR BEFORE OCTOBER 6, 2012 TO BE ELIGIBLE TO RECEIVE ANY MONEY UNDER THIS PROPOSED SETTLEMENT.**

«Barcode»   «BarcodeString»
SIMID  «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State»  «Zip»

**INSTRUCTIONS**

**To be eligible to receive any money from the Settlement Pool, you MUST complete and sign this Claim Form and send it to the Claims Administrator (address listed below) postmarked no later than October 6, 2012.** If you have any questions about completing this Claim Form, please contact the Claims Administrator, Simpluris, Inc., at 1-877-273-3413.

By signing, dating, and submitting the Claim Form, you will be eligible to receive a payment calculated based on the workweek information below, as explained in the enclosed Notice of Pendency of Class Action Settlement ("Notice"). As a member of the Settlement Class, you will also be releasing all of the Released Claims described in Section IV(G) of the attached Notice.

This is the address/contact information we have on file for you:

| | |
|---|---|
| «BarcodeString»<br>SIMID  «SIMID»<br>«FirstName» «LastName»<br>«Address1» «Address2»<br>«City» «State»  «Zip» | Name/Address Changes:<br>_____<br>_____<br>_____ |

If this information is incorrect or it changes, please notify the Claims Administrator, Simpluris, Inc., of your new address by contacting them at 1-877-273-3413.

According to Company records, you were employed as an Enrollment Counselor in California during the Class Period between April 5, 2012 and June 19, 2012 for the following number of workweeks: [MERGED_WW]. The estimated value of each workweek for calculating settlement payments is $15.92. This is only an estimate. The actual value may be higher or lower.

If you want to challenge the number of workweeks shown above, you must send a letter with your Claim Form and include proof supporting your challenge. Whether or not you want to challenge your workweeks, to submit a claim, you must send your completed and signed Claim Form to:

The University of Phoenix, Inc. Settlement Administration
c/o Simpluris, Inc.
PO Box 26170
Santa Ana, CA 92799

I confirm that I am a current or former employee who worked in California as an Enrollment Counselor during the covered period, and so am eligible for a settlement payment. If the settlement becomes final, I will also be deemed to have consented to join the claims made in the above action pursuant to Section 16(b) of the Fair Labor Standards Act.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing information about me is true and correct.

X_____       _____
    (Signature)                                                                     (Date)

Last Four Digits of Your Social Security Number:     XXX-XX-___ ___ ___ ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ADOMA, an individual, and MICHELLE ABBASZADEH, an individual, on behalf of themselves and others similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney Generals, Plaintiff, vs. THE UNIVERSITY OF PHOENIX, INC., an Arizona corporation; APOLLO GROUP, INC., an Arizona corporation; and DOES 1 through 10, inclusive, Defendants. | Case No. CV10-00059 LKK-GGH NOTICE TO EXISTING CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT |

**NOTICE TO EXISTING CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT**
*Diane Adoma, et al. v. The University of Phoenix, Inc., et al.*
**United States District Court for the Eastern District of California**
**Case No. CV10-00059-LKK-GGH**

TO:  All current and former Enrollment Counselors ("ECs") of The University of Phoenix, Inc. ("UOP") who worked in California during the period April 5, 2005 through June 19, 2012, and who are existing members of the Class certified by the Court on August 31, 2010.

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY – IT MAY AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED.**

**YOU MUST COMPLETE, SIGN, AND RETURN THE ATTACHED CLAIM FORM ON OR BEFORE OCTOBER 6, 2012, TO BE ELIGIBLE TO RECEIVE ANY MONEY UNDER THIS PROPOSED SETTLEMENT**

This Notice serves to inform you that you are a member of the Class covered by the proposed settlement of a class action involving UOP and Apollo Group, Inc. (collectively "Defendants"). **This is not a notice that you have been sued.** The proposed settlement pertains to employees of UOP who worked as an EC in California during the period from April 5, 2005 through June 19, 2012. The settlement is a compromise and is not an admission of liability on the part of Defendants.

The Honorable Lawrence K. Karlton of the United States District Court for the Eastern District of California will hold a hearing on November 5, 2012 at 10:00 a.m. in Courtroom 4 of the Court, located at 501 I Street, Sacramento, California 95814 to determine whether the Court should approve the terms of the proposed settlement of the lawsuit (the "Litigation") as fair, adequate, and reasonable.

The purpose of this Notice is to advise you of the proposed settlement and your rights with respect to this matter. This Notice does not express any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation.

The settlement of the Litigation involves a settlement payment. If the Court approves the settlement, you may be entitled to share in the settlement payment.

This Notice provides only a summary of the Litigation and proposed settlement. Copies of the entire text of the Joint Stipulation of Settlement and Release can be obtained at the Clerk's Office, United States District Court for the Eastern District of California, 501 I Street, 4th Floor, Sacramento, California 95814, by contacting the Claims Administrator, Simpluris, Inc., as explained below, or at the following website: http://uoplawsuits.com. Questions concerning the proposed settlement should be directed to the Law Offices of Michael Tracy ("Class Counsel") or the Claims Administrator, Simpluris, Inc., as explained below. Do not call or write the Court with questions concerning the terms of the proposed settlement.

The Court has designated Class Counsel as your attorney for purposes of this class action settlement. If you have any questions regarding the settlement, you can contact The Law Offices of Michael Tracy at 2030 Main Street, Suite 1300, Irvine, CA 92603, (949) 260-9171, or by e-mail at mtracy@michaeltracylaw.com.  You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may have to pay for that lawyer.

## I. DESCRIPTION OF THE LITIGATION

### A. Allegations of the Litigation.

Plaintiffs Diane Adoma and Michelle Abbaszadeh (collectively "Plaintiffs") (Plaintiffs and Defendants collectively referred to as the "Parties") are former employees who worked for UOP in California as ECs.  On January 8, 2010, Plaintiff Adoma asserted a Fair Labor Standards Act ("FLSA") collective action claim and multiple wage and hour claims based on California state law on behalf of herself and all ECs in California who were employed by UOP during specified time periods.  The Third Amended Complaint ("TAC"), which is currently operative, alleges that Defendants failed to properly calculate and/or pay overtime compensation, failed to provide accurate itemized wage statements, failed to indemnify employees, failed to provide meal periods and rest periods, violated the California Business & Professions Code section 17200, *et seq.*, and owe overtime pay, premium pay, unreimbursed expenses, liquidated damages, and various penalties under California law, including under the California Private Attorneys General Act of 2004 ("PAGA").  Plaintiff Adoma also alleges on behalf of herself as an individual that Defendants retaliated against her after she complained about Defendants' conduct and failed to provide her pay records upon her request.

Defendants deny and continue to deny the legitimacy of the class, collective, and individual claims raised in the TAC. Defendants are confident that they have strong legal and factual defenses to the merits of these claims as well as in support of class decertification, but they recognize the risks, distractions, and costs associated with litigation.

### B. Procedural History.

On January 8, 2010, Plaintiff Adoma filed the instant action with the United States District Court for the Eastern District of California.  Plaintiff Abbaszadeh was subsequently added as a named plaintiff.  Plaintiffs moved for both collective certification of their FLSA overtime claim on April 12, 2010 and for class certification of various state law claims on July 12, 2010.  On August 31, 2010, the Court granted Plaintiffs' motion for class certification, and certified a class of California ECs, but denied Plaintiffs' motion for collective certification and severed and transferred the FLSA claim to the Eastern District of Pennsylvania where a first-filed case, *Sabol, et al. v. The University of Phoenix, Inc., et al.*, Civil Action No. CV 09-03439-JCJ (the "*Sabol* Action"), was pending.

In connection with class certification, you were previously sent a notice informing you that a class had been certified by the Court, that you were a member of that class, and providing you instructions on how to exclude yourself from the class if you did not want to participate in the Litigation.  Because you did not opt out of the Litigation, you are a Class Member represented by Class Counsel.

The Parties have engaged in substantial law and motion practice in this matter as well as conducted substantial discovery, including written discovery, Plaintiffs' depositions, and depositions of certain of Defendants' employees.  On July 21, 2011, the Parties participated in a mediation of this matter and agreed to settle the California and FLSA claims on a class-wide basis.

## II. CLASS DEFINITION

You are a member of the Class, *i.e.*, a Class Member, if you fit within the below definition and are not excluded from the Class.  The proposed settlement defines the Class as follows:

During the period from April 5, 2005 through the Preliminary Approval Date ("Class Period"), the following:

(a) all current and former ECs in California who were previously sent a class notice in the above-captioned case, but who did not opt out of the class;

(b) all ECs in California hired from August 13, 2010 to and including the Preliminary Approval Date who were not previously sent a class notice;

(c) all ECs in California who originally opted into the *Sabol* Action and who subsequently excluded themselves from the *Sabol* settlement; and

(d) one individual (Angelica Michelle Lee) who has communicated to Class Counsel her intent to opt into the action consisting of the FLSA claims that were severed and transferred to the Eastern District of Pennsylvania.

The Class excludes all ECs in California who opted into the *Sabol* Action and did not exclude themselves from the *Sabol* settlement. The Settlement Class also excludes all ECs hired after August 13, 2010 who choose to opt out of the settlement after receiving a notice.

### III. INVESTIGATION OF THE CLAIMS

Plaintiffs, through their counsel ("Class Counsel"), have investigated the factual basis of the claims asserted in this Litigation, analyzed voluminous documents and other information provided by Defendants, and analyzed the law applicable to the claims they have asserted. Plaintiffs have concluded that it would be in the best interests of the Class to settle this Litigation on the terms discussed in this Notice, given their and Class Counsel's analysis of the benefits of the settlement versus the risks of protracted litigation, including the possibility that the Court would grant class decertification or that the claims would be rejected and the Class would receive no relief. Plaintiffs and Class Counsel are satisfied that the terms and conditions of the proposed settlement are fair, reasonable, and adequate, and are in the best interests of the Class.

The Parties also each investigated the claims at issue, analyzed the relevant law, and conducted assessments of the potential damages and defenses.

### IV. SUMMARY OF THE PROPOSED CLASS SETTLEMENT

The Parties submitted the proposed settlement to the Court for preliminary approval. In summary only, the settlement provides for the following:

#### A. Settlement Fund

Defendants will fund a Maximum Settlement Amount ("MSA") of Four Million Dollars ($4,000,000). After deducting from the MSA (1) the Court-approved Service Payments to the Class Representatives, (2) an individual settlement payment to Plaintiff Adoma for a release of her individual claims against Defendants, (3) Court-approved attorneys' fees and costs to Class Counsel, (4) claims administration costs, and (5) payment to the State of California Labor and Workforce Development Agency in the amount of $50,000 for PAGA penalties, the remaining sum will be the "Settlement Pool."

#### B. Service Payments

In recognition of Plaintiffs' efforts and time as Class Representatives and as consideration for a full, general, and comprehensive release and California Civil Code section 1542 waiver of their released claims, Class Counsel will request Service Payments for Plaintiffs of not more than Five Thousand Dollars ($5,000) each, which will be paid from the MSA as approved and in an amount to be determined by the Court.

#### C. Attorneys' Fees and Costs

Class Counsel will submit an application for payment to him of an award of attorneys' fees not to exceed one-third of the MSA, as well as reasonable costs estimated to be Twenty-Five Thousand Dollars ($25,000), which will be paid from the MSA as approved and in an amount to be determined by the Court.

#### D. Claims Administration Costs

The administration of the settlement will be conducted by Simpluris, Inc. (hereinafter, the "Claims Administrator"), with the claims administration costs to be paid out of the MSA. Claims administration costs are estimated to be approximately Nineteen Thousand Dollars ($19,000). If you have questions concerning the proposed settlement, you may contact Simpluris, Inc. at PO Box 26170 Santa Ana, California 92799. Phone: 1-877-273-3413.

#### E. Disbursement Plan to Eligible Class Members

Each Settlement Class Member, including the Class Representatives, will be entitled to apply to receive a settlement payment (the "Settlement Payment"). The Settlement Payment eligibility for a Settlement Class Member shall be calculated as follows:

1. "Weeks Worked" shall mean the number of weeks for which each Class Member received pay for work performed in California as an EC during the Class Period. "Weeks Worked" shall not include entire weeks when a Class Member was on a paid or unpaid leave of absence.

2. The "Total Weeks Worked" will be the total of all Weeks Worked by Class Members calculated in this matter.

3. The Settlement Pool will be divided by the Total Weeks Worked by all Class Members to produce the dollar amount that will be paid for each Week Worked: *(Total Settlement Pool ÷ Total Weeks Worked by Class Members = Workweek Payment)*. Each Qualified Claimant (*i.e.*, a Settlement Class Member who has submitted a correctly completed and signed Claim Form) will be paid based on their individual Weeks Worked according to the following formula: *(Qualified Claimant's Weeks*

*Worked x Workweek Payment = Qualified Claimant's Settlement Payment)*. In the event, however, that the total amount claimed by all Qualified Claimants does not equal at least 50% of the Settlement Pool, then the dollar amounts for each Qualified Claimant shall increase on a pro-rata basis until 50% of the Settlement Pool is paid to Qualified Claimants. Each Qualified Claimant's Settlement Payment will then be determined using the above formula but with the new and higher Workweek Payment amount calculated as follows: *(50% of Settlement Pool ÷ Total Weeks Worked by Qualified Claimants = Workweek Payment)*. Any amount of the Settlement Pool above the 50% minimum that is not distributed to Qualified Claimants shall remain the property of, and/or revert back to Defendants.

In case of a dispute over whether an individual is an eligible Class Member, or over the number of weeks an eligible Class Member worked, the Claims Administrator will review the relevant documents and, after seeking input from counsel for the Parties, will conclusively make a final non-appealable decision on the dispute.

The Claims Administrator shall calculate and deduct required withholdings and payroll taxes from the Qualified Claimant's distribution prior to mailing the Settlement Payments to Class Members. For tax purposes, 50% of any award paid to any Qualified Claimant shall be treated as wages, and 50% of any award paid to any Qualified Claimant shall be treated as penalties and interest.

### F. Your Options

You have the following two options under this settlement, both of which are discussed below. You may: (1) submit a Claim Form for your share of the Settlement Pool; or (2) do nothing, in which case you will release the Released Claims against the Released Parties if the settlement becomes final (discussed below), but receive no money. Regardless of which of the above two options you choose, you may also object to the settlement as explained below.

1. <u>Submit a Claim Form</u>. A "Claim Form" summarizing your relevant information in connection with the settlement is enclosed with this Notice. If you wish to receive a Settlement Payment, you must complete, sign, and return a Claim Form in a proper and timely manner via First Class mail, postage prepaid (or, at your option and expense, via registered or certified mail), postmarked on or before October 6, 2012, to the Claims Administrator at:

> The University of Phoenix, Inc. Settlement Administration
> c/o Simpluris, Inc.
> PO Box 26170
> Santa Ana, California 92799

In order to be considered valid, the Claim Form must satisfy all of the following requirements: (a) be submitted either by First-Class, registered, or certified mail; (b) be postmarked no later than October 6, 2012; (c) be completely and legibly filled out; (d) be addressed to the proper addressee; and (e) be signed by you. If you submit a valid Claim Form, you will be deemed to have opted into the Fair Labor Standards Act ("FLSA") claims in the TAC.

If the Claim Form does not satisfy all of the above requirements, it will be denied unless otherwise agreed by the Parties or ordered by the Court. If you fail to submit a valid Claim Form, you will still be bound by the Final Judgment and all other terms of the settlement (including releasing the Released Claims against the Released Parties).

If Defendants dispute the information on your Claim Form, they will provide notice of the dispute to the Claims Administrator and Class Counsel. Defendants and Class Counsel shall attempt in good faith to resolve any such dispute. The Claims Administrator will conclusively make a final non-appealable decision on the dispute based on a review of the relevant business records and after seeking input from counsel for the Parties.

If your address changes, or is different than the one on the envelope containing this Notice, please promptly notify the Claims Administrator of your correct address.

Submitting your Claim Form will not result in any retaliation against you. California and federal law protects Class Members from retaliation based on their decision to participate in a class action settlement.

2. <u>Do Nothing</u>. If you do nothing in response to this Notice, you will not receive any payment under the settlement, but you will be bound by the terms of the settlement if it becomes final, including the release of the Released Claims against the Released Parties (explained below).

**G. Release**

Upon entry of the Final Judgment in the Litigation, Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever released, relinquished, and discharged each and all of the Released Parties from any and all Released Claims.

"Released Parties" shall mean The University of Phoenix, Inc. and Apollo Group, Inc. and each of their past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors and/or assigns.

"Released Claims" shall mean any and all causes of action or claims which have been or could have been asserted based upon facts and allegations set forth in the TAC under federal, state, or local laws, and/or ordinances, or tort or contract theories, whether known or unknown, and whether anticipated or unanticipated, including unknown claims covered by Civil Code section 1542, as quoted below, that accrued or accrue through June 19, 2012, including, but not limited to, claims for failure to pay overtime, whether at all or at the correct rate, failure to pay for all hours worked, failure to pay for off the clock work, failure to timely pay final or other wages, failure to provide meal and rest breaks, failure to pay premium pay for missed meal and/or rest breaks, failure to reimburse and/or indemnify employees for business expenses, failure to include the value, if any, of Defendants' Education Tuition Program when calculating employees' "regular rate of pay," failure to keep and furnish accurate payroll records and wage statements, failure to issue compliant out-of-state paychecks, failure to provide pay records, and any and all claims for recovery of straight time wages, overtime pay, minimum wage, premium pay, vacation pay, split shift pay, expense reimbursements, waiting time penalties, other penalties, and/or liquidated damages and/or claims based on Labor Code sections 98.6, 201, 202, 203, 204, 210, 212, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1194, 1198, 2802, and the Private Attorneys General Act, Labor Code section 2698, *et seq.*, IWC Wage Order No. 4 as it relates to the aforementioned claims, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief, and violations of the California Business and Professions Code based on the aforementioned claims.

In addition, upon entry of the Final Judgment in the Litigation, each Settlement Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**V. NON-APPROVAL BY THE COURT**

If the Court does not approve the proposed settlement, or if the Parties terminate the settlement due to material modification of its terms by the Court or due to the occurrence of conditions that authorize the Parties to terminate the settlement, the rights and duties of the Parties would revert to their status prior to the settlement, and Class Members would have no rights to the settlement amount or terms.

**VI. RECOMMENDATION BY CLASS COUNSEL**

Class Counsel is:

Michael L. Tracy
Law Offices of Michael Tracy
2030 Main Street, Suite 1300
Irvine, CA 92614
(949) 260-9171 – Telephone
(866) 365-3051 – Facsimile

Class Counsel recommends the settlement as fair, reasonable, and adequate to the Class. Class Counsel has diligently pursued an investigation of the claims against Defendants. Based on the forgoing data and on their own independent investigation and evaluation, Class Counsel is of the opinion that settlement with Defendants for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, including the risk that class decertification will be granted as to some or all claims, various defenses asserted by Defendants, and numerous potential appellate issues.

**VII. PENDING FINAL APPROVAL**

To the extent permitted by law, pending final determination as to whether the settlement should be approved, Class Members are barred from instituting or prosecuting any claims or actions against the Released Parties (defined above) that fall within the definition of the Released Claims (defined above). Any pending actions alleging claims that fall within the above definition of Released Claims against the Released Parties, whether in court or arbitration, are stayed on an interim basis.

## VIII. FINAL APPROVAL HEARING AND RIGHT OF CLASS MEMBERS TO BE HEARD

The Parties have applied to the Court for final approval of the proposed settlement. As stated above, the Court will conduct a Final Approval Hearing on November 5, 2012, at 10:00 a.m. in Courtroom 4 of the Court, located at 501 I Street, Sacramento, California 95814. The purpose of the hearing is to determine whether the terms and conditions of the settlement are fair, adequate, and reasonable to the Class.

At the Final Approval Hearing, the Court will decide whether to approve the settlement. If the Court approves the settlement, it will decide whether to award attorneys' fees and costs and Plaintiffs' requested Service Payments, and, if so, the amount of such award(s). The Court may also continue the Final Approval Hearing without further notice.

**IF YOU ARE SATISFIED WITH THE PROPOSED SETTLEMENT TERMS, YOU DO NOT NEED TO OBJECT OR APPEAR AT THE HEARING. IF YOU WOULD LIKE TO OBJECT OR APPEAR AT THE HEARING, YOU MUST COMPLY WITH THE PROCEDURE SET OUT IN THIS NOTICE.**

Any settling Class Member may appear in person or through counsel (at his or her own expense) at the Final Approval Hearing and be heard on whether the settlement should be approved as fair, reasonable, and adequate to the Class. **Absent leave of the Court, however, no Settlement Class Member shall be heard at the Final Approval Hearing unless by the Claims Period Deadline he or she files with the Court and postmarks and sends to the Parties, via First-Class mail, his or her written objection(s) stating any and all objections to the settlement agreement, including any supporting documents, and notice of intent to appear at the Final Approval Hearing.**

If the Court enters a Final Judgment, it will result in the dismissal of the Litigation with prejudice. After entry of Final Judgment, each and every Settlement Class Member will be bound to the terms of the settlement.

## IX. LIMITED SCOPE OF THIS NOTICE AND FURTHER INFORMATION

This Notice contains only a summary of the Litigation and of the proposed settlement. For more complete information, you may obtain copies of the Joint Stipulation of Settlement and Release, and other documents related to the settlement at the following website: http://uoplawsuits.com. You may also contact the Claims Administrator or Class Counsel at the contact information listed above. **DO NOT CONTACT THE COURT OR COUNSEL FOR THE DEFENDANTS IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT.**

BY ORDER OF THE UNITED STATES DISTRICT COURT<br>
FOR THE EASTERN DISTRICT OF CALIFORNIA

**SETTLEMENT CLAIM FORM/CONSENT TO JOIN FORM**
IN THE UNITED STATES DISTRICT COURT OF CALIFORNIA
EASTERN DISTRICT OF CALIFORNIA
*Diane Adoma, et al. v. The University of Phoenix, Inc., et al.*, Case No. CV10-00059 LKK-GGH

> **YOU MUST COMPLETE, SIGN, AND RETURN THE ATTACHED CLAIM FORM ON OR BEFORE OCTOBER 6, 2012 TO BE ELIGIBLE TO RECEIVE ANY MONEY UNDER THIS PROPOSED SETTLEMENT.**

«Barcode»   «BarcodeString»
SIMID  «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State»  «Zip»

**INSTRUCTIONS**

  **To be eligible to receive any money from the Settlement Pool, you MUST complete and sign this Claim Form and send it to the Claims Administrator (address listed below) postmarked no later than October 6, 2012.** If you have any questions about completing this Claim Form, please contact the Claims Administrator, Simpluris, Inc., at 1-877-273-3413.

  By signing, dating, and submitting the Claim Form, you will be eligible to receive a payment calculated based on the workweek information below, as explained in the enclosed Notice of Pendency of Class Action Settlement ("Notice"). As a member of the Settlement Class, you will also be releasing all of the Released Claims described in Section IV(G) of the attached Notice.

  This is the address/contact information we have on file for you:

| | |
|---|---|
| «BarcodeString»<br>SIMID «SIMID»<br>«FirstName» «LastName»<br>«Address1» «Address2»<br>«City» «State»  «Zip» | Name/Address Changes:<br>_____<br>_____<br>_____<br>_____ |

  If this information is incorrect or it changes, please notify the Claims Administrator, Simpluris, Inc., of your new address by contacting them at 1-877-273-3413.

  According to Company records, you were employed as an Enrollment Counselor in California during the Class Period between August 13, 2010 and June 19, 2012 for the following number of workweeks: [MERGED_WW]. The estimated value of each workweek for calculating settlement payments is $15.92. This is only an estimate. The actual value may be higher or lower.

  If you want to challenge the number of workweeks shown above, you must send a letter with your Claim Form and include proof supporting your challenge. Whether or not you want to challenge your workweeks, to submit a claim, you must send your completed and signed Claim Form to:

  The University of Phoenix, Inc. Settlement Administration
  c/o Simpluris, Inc.
  PO Box 26170
  Santa Ana, CA 92799

  I confirm that I am a current or former employee who worked in California as an Enrollment Counselor during the covered period, and so am eligible for a settlement payment. If the settlement becomes final, I will also be deemed to have consented to join the claims made in the above action pursuant to Section 16(b) of the Fair Labor Standards Act.

  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing information about me is true and correct.

X_____   _____
   (Signature)             (Date)

Last Four Digits of Your Social Security Number:  XXX-XX-___ ___ ___ ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ADOMA, an individual, and MICHELLE ABBASZADEH, an individual, on behalf of themselves and others similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney Generals,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF PHOENIX, INC., an Arizona corporation; APOLLO GROUP, INC., an Arizona corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV10-00059 LKK-GGH<br><br>NOTICE TO INTERIM CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT |

### NOTICE TO INTERIM CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT

*Diane Adoma, et al. v. The University of Phoenix, Inc., et al.*

**United States District Court for the Eastern District of California
Case No. CV10-00059-LKK-GGH**

TO: All current and former Enrollment Counselors ("ECs") of The University of Phoenix, Inc. ("UOP") who were hired in California during the period August 13, 2010 through June 19, 2012.

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY – IT MAY AFFECT YOUR RIGHTS.  YOU ARE NOT BEING SUED.**

**YOU MUST COMPLETE, SIGN, AND RETURN THE ATTACHED CLAIM FORM ON OR BEFORE OCTOBER 6, 2012 TO BE ELIGIBLE TO RECEIVE ANY MONEY UNDER THIS PROPOSED SETTLEMENT**

This Notice serves to inform you that you are a member of the Class covered by the proposed settlement of a class action involving UOP and Apollo Group, Inc. (collectively "Defendants").  **This is not a notice that you have been sued.**  The proposed settlement pertains to employees of UOP who worked as an EC in California during the period from April 5, 2005 through June 19, 2012.  The settlement is a compromise and is not an admission of liability on the part of Defendants.

The Honorable Lawrence K. Karlton of the United States District Court for the Eastern District of California will hold a hearing on November 5, 2012 at 10:00 a.m. in Courtroom 4 of the Court, located at 501 I Street, Sacramento, California 95814 to determine whether the Court should approve the terms of the proposed settlement of the lawsuit (the "Litigation") as fair, adequate, and reasonable.   IF THE COURT APPROVES THE SETTLEMENT, AND YOU SUBMIT A CLAIM FORM AS EXPLAINED BELOW, YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT FUND AS EXPLAINED BELOW.  ALSO, VARIOUS CLAIMS AGAINST DEFENDANTS WILL BE RELEASED AND DISCHARGED AS SET FORTH IN SECTION IV(G) BELOW, UNLESS YOU TIMELY ELECT TO OPT OUT OF THE CLASS.

The purpose of this Notice is to advise you of the proposed settlement and your rights with respect to this matter.  This Notice does not express any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation.

The settlement of the Litigation involves a settlement payment.  If the Court approves the settlement, you may be entitled to share in the settlement payment.

This Notice provides only a summary of the Litigation and proposed settlement.  Copies of the entire text of the Joint Stipulation of Settlement and Release can be obtained at the Clerk's Office, United States District Court for the Eastern District of California, 501 I Street, 4th Floor, Sacramento, California 95814, by contacting the Claims Administrator, Simpluris, Inc., as explained below, or at the following website:  http://uoplawsuits.com.  Questions concerning the proposed settlement should be directed to the

Law Offices of Michael Tracy ("Class Counsel") or the Claims Administrator, Simpluris, Inc., as explained below. Do not call or write the Court with questions concerning the terms of the proposed settlement.

The Court has designated Class Counsel as your attorney for purposes of this class action settlement. If you have any questions regarding the settlement, you can contact The Law Offices of Michael Tracy at 2030 Main Street, Suite 1300, Irvine, CA 92603, (949) 260-9171, or by e-mail at mtracy@michaeltracylaw.com. You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may have to pay for that lawyer.

## I. DESCRIPTION OF THE LITIGATION

### A. **Allegations of the Litigation.**

Plaintiffs Diane Adoma and Michelle Abbaszadeh (collectively "Plaintiffs") (Plaintiffs and Defendants collectively referred to as the "Parties") are former employees who worked for UOP in California as ECs. On January 8, 2010, Plaintiff Adoma asserted a Fair Labor Standards Act ("FLSA") collective action claim and multiple wage and hour claims based on California state law on behalf of herself and all ECs in California who were employed by UOP during specified time periods. The Third Amended Complaint ("TAC"), which is currently operative, alleges that Defendants failed to properly calculate and/or pay overtime compensation, failed to provide accurate itemized wage statements, failed to indemnify employees, failed to provide meal periods and rest periods, violated the California Business & Professions Code section 17200, *et seq.*, and owe overtime pay, premium pay, unreimbursed expenses, liquidated damages, and various penalties under California law, including under the California Private Attorneys General Act of 2004 ("PAGA"). Plaintiff Adoma also alleges on behalf of herself as an individual that Defendants retaliated against her after she complained about Defendants' conduct and failed to provide her pay records upon her request.

Defendants deny and continue to deny the legitimacy of the class, collective, and individual claims raised in the TAC. Defendants are confident that they have strong legal and factual defenses to the merits of these claims as well as in support of class decertification, but they recognize the risks, distractions, and costs associated with litigation.

### B. **Procedural History.**

On January 8, 2010, Plaintiff Adoma filed the instant action with the United States District Court for the Eastern District of California. Plaintiff Abbaszadeh was subsequently added as a named plaintiff. Plaintiffs moved for both collective certification of their FLSA overtime claim on April 12, 2010 and for class certification of various state law claims on July 12, 2010. On August 31, 2010, the Court granted Plaintiffs' motion for class certification, and certified a class of California ECs, but denied Plaintiffs' motion for collective certification and severed and transferred the FLSA claim to the Eastern District of Pennsylvania where a first-filed case, *Sabol, et al. v. The University of Phoenix, Inc., et al.*, Civil Action No. CV 09-03439-JCJ (the "*Sabol* Action"), was pending.

The Parties have engaged in substantial law and motion practice in this matter as well as conducted substantial discovery, including written discovery, Plaintiffs' depositions, and depositions of certain of Defendants' employees. On July 21, 2011, the Parties participated in a mediation of this matter and agreed to settle the California and FLSA claims on a class-wide basis.

## II. CLASS DEFINITION

You are a member of the Class, *i.e.*, a Class Member, if you fit within the below definition and are not excluded from the Class. The proposed settlement defines the Class as follows:

During the period from April 5, 2005 through the Preliminary Approval Date ("Class Period"), the following:

(a) all current and former ECs in California who were previously sent a class notice in the above-captioned case, but who did not opt out of the class;

(b) all ECs in California hired from August 13, 2010 to and including the Preliminary Approval Date who were not previously sent a class notice;

(c) all ECs in California who originally opted into the *Sabol* Action and who subsequently excluded themselves from the *Sabol* settlement; and

(d) one individual (Angelica Michelle Lee) who has communicated to Class Counsel her intent to opt into the action consisting of the FLSA claims that were severed and transferred to the Eastern District of Pennsylvania.

The Class excludes all ECs in California who opted into the Sabol Action and did not exclude themselves from the Sabol settlement. The Settlement Class also excludes all ECs hired after August 13, 2010 who choose to opt out of the settlement after receiving a notice. **You are a Class Member if you fit within the above definition. However, you may elect to opt out of the proposed settlement by following the procedures discussed in this notice, in which case you will not be a Settlement Class Member.**

## III. INVESTIGATION OF THE CLAIMS

Plaintiffs, through their counsel ("Class Counsel"), have investigated the factual basis of the claims asserted in this Litigation, analyzed voluminous documents and other information provided by Defendants, and analyzed the law applicable to the claims they have asserted. Plaintiffs have concluded that it would be in the best interests of the Class to settle this Litigation on the terms discussed in this Notice, given their and Class Counsel's analysis of the benefits of the settlement versus the risks of protracted litigation, including the possibility that the Court would grant class decertification or that the claims would be rejected and the Class would receive no relief. Plaintiffs and Class Counsel are satisfied that the terms and conditions of the proposed settlement are fair, reasonable, and adequate, and are in the best interests of the Class.

The Parties also each investigated the claims at issue, analyzed the relevant law, and conducted assessments of the potential damages and defenses.

## IV. SUMMARY OF THE PROPOSED CLASS SETTLEMENT

The Parties submitted the proposed settlement to the Court for preliminary approval. In summary only, the settlement provides for the following:

### A. Settlement Fund

Defendants will fund a Maximum Settlement Amount ("MSA") of Four Million Dollars ($4,000,000). After deducting from the MSA (1) the Court-approved Service Payments to the Class Representatives, (2) an individual settlement payment to Plaintiff Adoma for a release of her individual claims against Defendants, (3) Court-approved attorneys' fees and costs to Class Counsel, (4) claims administration costs, and (5) payment to the State of California Labor and Workforce Development Agency in the amount of $50,000 for PAGA penalties, the remaining sum will be the "Settlement Pool."

### B. Service Payments

In recognition of Plaintiffs' efforts and time as Class Representatives and as consideration for a full, general, and comprehensive release and California Civil Code section 1542 waiver of their released claims, Class Counsel will request Service Payments for Plaintiffs of not more than Five Thousand Dollars ($5,000) each, which will be paid from the MSA as approved and in an amount to be determined by the Court.

### C. Attorneys' Fees and Costs

Class Counsel will submit an application for payment to them of an award of attorneys' fees not to exceed one-third of the MSA, as well as reasonable costs estimated to be Twenty-Five Thousand Dollars ($25,000), which will be paid from the MSA as approved and in an amount to be determined by the Court.

### D. Claims Administration Costs

The administration of the settlement will be conducted by Simpluris, Inc. (hereinafter, the "Claims Administrator"), with the claims administration costs to be paid out of the MSA. Administration costs are estimated to be approximately Nineteen Thousand Dollars ($19,000). If you have questions concerning the proposed settlement, you may contact Simpluris, Inc. at PO Box 26170 Santa Ana, California 92799. Phone: 1-877-273-3413.

### E. Disbursement Plan to Eligible Class Members

Each Settlement Class Member, including the Class Representatives, will be entitled to apply to receive a settlement payment (the "Settlement Payment"). The Settlement Payment eligibility for a Settlement Class Member shall be calculated as follows:

1. "Weeks Worked" shall mean the number of weeks for which each Class Member received pay for work performed in California as an Enrollment Counselor during the Class Period. "Weeks Worked" shall not include entire weeks when a Class Member was on a paid or unpaid leave of absence.

2. The "Total Weeks Worked" will be the total of all Weeks Worked by Class Members calculated in this matter.

3. The Settlement Pool will be divided by the Total Weeks Worked by all Class Members to produce the dollar amount that will be paid for each Week Worked: *(Total Settlement Pool ÷ Total Weeks Worked by Class Members = Workweek Payment)*. Each Qualified Claimant (*i.e.*, a Settlement Class Member who has submitted a correctly completed and signed Claim Form) will be paid based on their individual Weeks Worked according to the following formula: *(Qualified Claimant's Weeks Worked x Workweek Payment = Qualified Claimant Payment)*. In the event, however, that the total amount claimed by all Qualified Claimants does not equal at least 50% of the Settlement Pool, then the dollar amounts for each Qualified Claimant shall increase on a pro-rata basis until 50% of the Settlement Pool is paid to Qualified Claimants. Each Qualified Claimant's Settlement Payment will be determined using the above formula but with the new and higher Workweek Payment amount calculated as follows: *(50% of*

*Settlement Pool ÷ Total Weeks Worked by Qualified Claimants = Workweek Payment)*. Any amount of the Settlement Pool above the 50% minimum that is not distributed to Qualified Claimants shall remain the property of, and/or revert back to Defendants.

In case of a dispute over whether an individual is an eligible Class Member, or over the number of weeks an eligible Class Member worked, the Claims Administrator will review the relevant documents and, after seeking input from counsel for the Parties, will conclusively make a final non-appealable decision on the dispute.

The Claims Administrator shall calculate and deduct required withholdings and payroll taxes from the Qualified Claimant's distribution prior to mailing the Settlement Payment. For tax purposes, 50% of any award paid to any Qualified Claimant shall be treated as wages, and 50% of any award paid to any Qualified Claimant shall be treated as penalties and interest.

### F. Your Options

You have the following three options under this settlement, each of which is discussed below. You may: (1) submit a Claim Form for your share of the Settlement Pool; (2) do nothing, in which case you will release the Released Claims against the Released Parties if the Settlement becomes final (discussed below), but receive no money; or (3) exclude yourself from the Class and from the settlement, in which case you will receive no money, but will not release the Released Claims against the Released Parties. If you choose either option (1) or (2), you may also object to the settlement as explained below.

1. <u>Submit a Claim Form</u>. A "Claim Form" summarizing your relevant information in connection with the settlement is enclosed with this Notice. If you wish to receive a Settlement Payment, you must complete, sign, and return a Claim Form in a proper and timely manner via First Class mail, postage prepaid (or, at your option and expense, via registered or certified mail), postmarked on or before October 6, 2012, to the Claims Administrator at:

> The University of Phoenix, Inc. Settlement Administration
> c/o Simpluris, Inc.
> PO Box 26170
> Santa Ana, CA 92799

In order to be considered valid, the Claim Form must satisfy all of the following requirements: (a) be submitted either by First-Class, registered, or certified mail; (b) be postmarked no later than October 6, 2012; (c) be completely and legibly filled out; (d) be addressed to the proper addressee; and (e) be signed by you. If you submit a valid Claim Form, you will be deemed to have opted into the Fair Labor Standards Act ("FLSA") claims in the TAC.

If the Claim Form does not satisfy all of the above requirements, it will be denied unless otherwise agreed by the Parties or ordered by the Court. If you fail to submit a valid Claim Form, you will still be bound by the Final Judgment and all other terms of the settlement (including releasing the Released Claims against the Released Parties).

If Defendants dispute the information on your Claim Form, they will provide notice of the dispute to the Claims Administrator and Class Counsel. Defendants and Class Counsel shall attempt in good faith to resolve any such dispute. The Claims Administrator will conclusively make a final non-appealable decision on the dispute, based on a review of the relevant business records and after seeking input from counsel for the Parties.

If your address changes, or is different than the one on the envelope containing this Notice, please promptly notify the Claims Administrator of your correct address.

Submitting your Claim Form will not result in any retaliation against you. California and federal law protects Class Members from retaliation based on their decision to participate in a class action settlement.

2. <u>Do Nothing</u>. If you do nothing in response to this Notice, you will not receive any payment under the settlement, but you will be bound by the terms of the settlement if it becomes final, including the release of the Released Claims against the Released Parties (explained below).

3. <u>Elect Not to Participate</u>. Any Interim Class Member may elect not to participate in the settlement, a process called "Opting-Out" of the settlement. If you opt out of the settlement, you will not be a Settlement Class Member, will not receive any money as your share of the Settlement Pool, will not be able to object to the settlement, and will not be bound by the terms of the settlement. If you opt out, you will retain all current rights and claims (if any) that you may have against Defendants and other Released Parties (discussed below).

**IN ORDER TO OPT OUT OF THE SETTLEMENT, YOU MUST SUBMIT A VALID OPT-OUT REQUEST.** The Opt-Out Request must: (a) be in writing and signed by you personally; (b) state your name, address, and telephone number; (c) last four digits of your social security number; (d) state clearly that you request exclusion from the Class; (e) be postmarked no later than October 6, 2012 (60 calendar days from the date of mailing of this notice); and (f) be mailed to the Claims Administrator. If you do not submit a valid and timely Opt-Out Request, you will be bound by the settlement.

If you submit both an Opt-Out Request and a Claim Form, the Claims Administrator will send you a cure letter requesting clarification of your intent. You will be informed that unless you clarify within seven (7) calendar days that you intend to opt out, the Opt-Out Request will be null and void and you will be deemed to be a Class Member and be bound by the settlement.

### G. Release

Upon entry of the Final Judgment in the Litigation, Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever released, relinquished, and discharged each and all of the Released Parties from any and all Released Claims.

"Released Parties" shall mean The University of Phoenix, Inc. and Apollo Group, Inc. and each of their past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors and/or assigns.

"Released Claims" shall mean any and all causes of action or claims which have been or could have been asserted based upon facts and allegations set forth in the TAC under federal, state, or local laws, and/or ordinances, or tort or contract theories, whether known or unknown, and whether anticipated or unanticipated, including unknown claims covered by Civil Code section 1542, as quoted below, that accrued or accrue through June 19, 2012, including, but not limited to, claims for failure to pay overtime, whether at all or at the correct rate, failure to pay for all hours worked, failure to pay for off the clock work, failure to timely pay final or other wages, failure to provide meal and rest breaks, failure to pay premium pay for missed meal and/or rest breaks, failure to reimburse and/or indemnify employees for business expenses, failure to include the value, if any, of Defendants' Education Tuition Program when calculating employees' "regular rate of pay," failure to keep and furnish accurate payroll records and wage statements, failure to issue compliant out-of-state paychecks, failure to provide pay records, and any and all claims for recovery of straight time wages, overtime pay, minimum wage, premium pay, vacation pay, split shift pay, expense reimbursements, waiting time penalties, other penalties, and/or liquidated damages and/or claims based on Labor Code sections 98.6, 201, 202, 203, 204, 210, 212, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1194, 1198, 2802, and the Private Attorneys General Act, Labor Code section 2698, *et seq.*, IWC Wage Order No. 4 as it relates to the aforementioned claims, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief, and violations of the California Business and Professions Code based on the aforementioned claims.

In addition, upon entry of the Final Judgment in the Litigation, each Settlement Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

## V. NON-APPROVAL BY THE COURT

If the Court does not approve the proposed settlement, or if the Parties terminate the settlement due to material modification of its terms by the Court or due to the occurrence of conditions that authorize the Parties to terminate the settlement, the rights and duties of the Parties would revert to their status prior to the settlement, and Class Members would have no rights to the settlement amount or terms.

## VI. RECOMMENDATION BY CLASS COUNSEL

Class Counsel is:
Michael L. Tracy
Law Offices of Michael Tracy
2030 Main Street, Suite 1300
Irvine, CA 92614
(949) 260-9171 – Telephone
(866) 365-3051 - Facsimile

Class Counsel recommends the settlement as fair, reasonable, and adequate to the Class. Class Counsel has diligently pursued an investigation of the claims against Defendants. Based on the forgoing data and on their own independent investigation and evaluation, Class Counsel is of the opinion that settlement with Defendants for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, including the risk that class decertification will be granted as to some or all claims, various defenses asserted by Defendants, and numerous potential appellate issues.

## VII. PENDING FINAL APPROVAL

To the extent permitted by law, pending final determination as to whether the settlement should be approved, Class Members are barred from instituting or prosecuting any claims or actions against the Released Parties (defined above) that fall within the definition of the Released Claims (defined above). Any pending actions alleging claims that fall within the above definition of Released Claims against the Released Parties, whether in court or arbitration, are stayed on an interim basis.

## VIII. FINAL APPROVAL HEARING AND RIGHT OF CLASS MEMBERS TO BE HEARD

The Parties have applied to the Court for final approval of the proposed settlement. As stated above, the Court will conduct a Final Approval Hearing on November 5, 2012, at 10:00 a.m. in Courtroom 4 of the Court, located at 501 I Street, Sacramento,

California 95814. The purpose of the hearing is to determine whether the terms and conditions of the settlement are fair, adequate, and reasonable to the Class.

At the Final Approval Hearing, the Court will decide whether to approve the settlement. If the Court approves the settlement, it will decide whether to award attorneys' fees and costs and Plaintiffs requested Service Payments, and, if so, the amount of such award(s). The Court may also continue the Final Approval Hearing without further notice.

**IF YOU ARE SATISFIED WITH THE PROPOSED SETTLEMENT TERMS, YOU DO NOT NEED TO OBJECT OR APPEAR AT THE HEARING. IF YOU WOULD LIKE TO OBJECT OR APPEAR AT THE HEARING, YOU MUST COMPLY WITH THE PROCEDURE SET OUT IN THIS NOTICE.**

Any settling Class Member may appear in person or through counsel (at his or her own expense) at the Final Approval Hearing and be heard on whether the settlement should be approved as fair, reasonable, and adequate to the Class. **Absent leave of the Court, however, no Settlement Class Member shall be heard at the Final Approval Hearing unless by the Claims Period Deadline he or she files with the Court and postmarks and sends to the Parties, via First-Class mail, his or her written objection(s) stating any and all objections to the settlement agreement, including any supporting documents, and notice of intent to appear at the Final Approval Hearing.**

If the Court enters a Final Judgment, it will result in the dismissal of the Litigation with prejudice. After entry of Final Judgment, each and every Settlement Class Member will be bound to the terms of the settlement.

## IX.    LIMITED SCOPE OF THIS NOTICE AND FURTHER INFORMATION

This Notice contains only a summary of the Litigation and of the proposed settlement. For more complete information, you may obtain copies of the Joint Stipulation of Settlement and Release, and other documents related to the settlement at the following website: http://uoplawsuits.com. You may also contact the Claims Administrator or Class Counsel at the contact information listed above. **DO NOT CONTACT THE COURT OR COUNSEL FOR THE DEFENDANTS IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT.**

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA